HARRY FEINGOLD, Respondent, *v.* WALWORTH BROS., INC., et al., Appellants.

Evidence — power of court to require party to discover books, papers and other documentary evidence — penalty for disobedience — construction and application of statute regulating power of courts to compel discovery — distinction between the denial of the right to defend as a punishment for contempt and the denial of such right as a punishment for the suppression of material evidence — when court has no power to strike out entire answer of all the defendants because two failed to produce books and papers relating only to part of the issues — when it must be shown that papers demanded are in existence — when order striking out answer of all defendants unjustified as against individual defendants from whom papers were not demanded.

1. The provisions of the statute (Civ. Pr. Act, § 325) which provide a penalty for disobedience of an order directing a discovery or inspection are elastic enough to enable the court to fit the punishment to the offense, and to restrict the maximum punishment to a proper case. The court is not limited to the alternative of denying the motion or striking out the answer as a whole. It "may make an order striking out one or more * * * defenses, counterclaims * * * or that he be debarred from maintaining a particular claim or defense in relation to which the discovery or inspection was sought." The line may thus be definitely drawn between the proper punishment for suppressing evidence and the improper punishment as for a contempt merely.

2. In an action against two corporations and several individual defendants to recover damages for fraudulent representation of the value of certain shares of stock of the corporation thereby inducing plaintiff to sell the stock to defendants, the answer containing a general denial and setting up affirmative defenses, the court upon the application of plaintiff granted an order directing the corporate defendants to produce certain books and papers for the inspection of plaintiff for the purpose of establishing the value of the stock. With this order such defendants complied except as to certain papers which they claimed did not exist, or were non-essential. Thereupon the court, punishing defendants as and for a willful contempt, made an order striking out the defendants' answer and granting judgment to plaintiff for the relief demanded. This was error. While the court had power to punish defendants for withholding proof relating to the merits, this power is

limited to excluding what the proof presumptively establishes. It has no power, for a refusal to produce proof relating to part of the issues, to strike out an entire answer which not only puts in issue all the material allegations of the complaint but includes affirmative defenses. It was a proper case to preclude the corporation defendants from denying the value of the stock as alleged in the complaint only.

3. It was error also to strike out the answer of the individual defendants herein. To do so is clearly to punish them for contempt. They may have combined with the corporate defendants in suppressing evidence, but they were not in default. The statute (Civ. Pr. Act, § 325) limits the power to inflict the penalty to the adverse party who has disobeyed the order.

4. Unless the court had evidence, direct or circumstantial, on which to base a finding that the corporate defendants refused to produce papers which were in existence and which related to the merits of the action, it was without jurisdiction to make the order. From the refusal to obey an order to produce books, a presumption arises that the books, if produced, would produce evidence material to the defendant, but no presumption arises that books and papers, alleged to exist, are in existence. (*Hovey* v. *Elliott*, 167 U. S. 409, and *Osterhoudt* v. *Prudential Ins. Co.*, 211 N. Y. 547, distinguished.)

*Feingold* v. *Walworth Bros., Inc.*, 208 App. Div. 803, modified.

(Argued June 3, 1924; decided July 5, 1924.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 3, 1924, which affirmed an order of Special Term granting a motion to strike out the answer.

The following questions were certified:

" (1) Does an order made in this action, striking out the defendants' answer and granting judgment in favor of the plaintiff, violate section 6 of article 1 of the Constitution of the State of New York and the Fourteenth Amendment to the Constitution of the United States?

" (2) Is section 325 of the Civil Practice Act, in so far as it authori. is the court to strike out an answer and grant judgment in favor of the plaintiff, constitutional?

" (3) In this action to recover damages for fraudulent representations, where the answer not only contains denials of t' alleged fraud but in addition separate

affirmative defenses of accord and satisfaction and general release under seal, upon failure of the defendants to obey in part an order directing a discovery and inspection, does an order made pursuant to section 325 of the Civil Practice Act, striking out the answer and granting judgment in favor of the plaintiff, deprive the defendants of property without due process of law?

" (4) Did the facts in this case, as found by the court, constitute as a matter of law ' a proper case,' within the meaning of section 325 of the Civil Practice Act, for the making of an order striking out the answer and granting judgment in favor of the plaintiff?

" (5) Upon the facts in this case, as found by the court, was the court authorized to make an order striking out the answer and granting judgment in favor of the plaintiff? "

*Clarence J. Shearn* and *I. Gainsburg* for appellants. The denial of the right to a trial by striking out the answer as a punishment for contempt of court constitutes a taking of defendants' property without due process of law. (*Hovey* v. *Elliott*, 167 U. S. 407; *Hammond Packing Co.* v. *Arkansas*, 212 U. S. 322; *Sibley* v. *Sibley*, 76 App. Div. 132; *Harney* v. *Harney*, 110 App. Div. 20; *Thompson* v. *McLaughlin*, 138 App. Div. 711; *Harrington* v. *Wills & Co.*, 203 App. Div. 878; *Levine* v. *Moskowitz*, 206 App. Div. 194; *Devlin* v. *Hinman*, 161 N. Y. 115.) The Legislature has declared no presumption arising from the failure to comply with an order for discovery and inspection. (*Hammond Packing Co.* v. *Arkansas*, 212 U. S. 322.) This was not as a matter of law " a proper case," within the meaning of section 325 of the Civil Practice Act, for the drastic order which was made. (*People* v. *McClellan*, 191 N. Y. 341.) Upon the facts in this case, as found by the Special Term, the court was not authorized to make an order striking out the answer and granting judgment in favor of the plaintiff. (*Matte:*

*of Gordon* v. *Feldberg,* 149 App. Div. 246; *People ex rel. Barnes* v. *Court of Sessions,* 147 N. Y. 290; *People ex rel. Palmieri* v. *Marean,* 86 App. Div. 278; *Brill* v. *Brill,* 148 App. Div. 63; *People ex rel. Bernstein* v. *La Fetra,* 172 App. Div. 954; 219 N. Y. 591; *Watertown Paper Co.* v. *Place,* 51 App. Div. 633; *Matter of Wegman,* 40 App. Div. 632; *Banes* v. *Rainey,* 130 App. Div. 465; *Moffat* v. *Herman,* 116 N. Y. 131; *Snow* v. *Shreffler,* 148 App. Div. 422; *Matter of Gosman,* 95 App. Div. 407.)

*Alfred R. Page* and *Jacob Gordon* for respondent. Section 325 of the Civil Practice Act does not violate the State or Federal Constitution. ,(*Denslow* v. *Fowler,* 2 Cow. 592; *Wallis* v. *Murray,* 4 Cow. 397; *Bank of Utica* v. *Hilliard,* 6 Cow. 62; *Manning* v. *Manning,* 1 Johns. Ch. 527; *Walker* v. *Walker,* 82 N. Y. 260; *Hammond Packing Co.* v. *Arkansas,* 212 U. S. 322.) The fact that the answer contained defenses as well as denials does not render the defendant immune from the penalty of disobedience of the order. (*Taylor* v. *Spaulding,* 12 Civ. Pro. Rep. 123; *Shannon* v. *Comstock,* 21 Wend. 457.)

POUND, J. Civil Practice Act, section 324 (Code Civ. Pro. § 803; Code Pro. § 388; R. S. pt. 3, ch. 1, tit. 3, § 21), empowers a court of record to compel discovery by a party in an action of books, documents, other papers, or articles or property in his possession relating to the merits of the action. Civil Practice Act, section 325 (Code Civ. Pro. § 808; R. S. pt. 3, ch. 1, art. 3, § 26), provides the penalty for disobedience as follows:

" § 325. Penalty for disobedience. Where an order directs a discovery or inspection, the party in whose behalf it was made upon proof that the adverse party has failed to obey it and upon notice to him, may apply to the court for an order to punish him for the failure. Upon the hearing of the application, the court, upon the

29

payment of such a sum for the expenses of the applicant as the court fixes and upon compliance with such other terms as it deems just to impose, may permit the party in default to comply with the order for a discovery and inspection; and, for that purpose, it may direct that the application to punish him stand over to a future time. Upon the final hearing of the application to punish the party in default, the court, in a proper case, may direct that his complaint be dismissed or his answer or reply be stricken out and that judgment be rendered accordingly; or it may make an order striking out one or more causes of action, defenses, counterclaims or replies, interposed by him; or that he be debarred from maintaining a particular claim or defense in relation to which the discovery or inspection was sought. Where the party has failed to obey an order allowing an inspection by the adverse party and requiring him to furnish a copy or permit a copy to be taken, the court may also direct that the book, document or other paper be excluded from be'ng given in evidence; or it may punish the party for a contempt; or both."

This is an action to recover damages for fraudulent representations as to the value of certain shares of stock of the corporation defendants, it being alleged that plaintiff was thereby induced to sell the stock to defendants for $20,000 whereas the value of the stock was $200,000. The answer sets up a general denial and as an affirmative defense, accord and satisfaction and a release under seal. For the purpose of establish'ng the value of the stock an order for inspection and discovery was obtained d'recting defendants Walworth Bros., Inc., and Walworth Sales Co., to produce, discover and give the plaintiff an inspection and permission to take a copy of the certain books, (14) journals, yarn cards showing cost, cost cards, ledgers, monthly profit sheets, annual profit sheets, check books, check stubs, stub books, bank books, canceled vouchers and all other books of account

or records which will show the sales and earnings of the defendants for the period of time commencing on the 1st day of August, 1917, up to and including the 29th day of April, 1919.

These defendants produced voluminous books, records and papers, but failed to produce:

1. Inventory sheets as of October 1, 1916.

2. Monthly profit sheets beginning with October 1, 1916, and ending April 29, 1919.

3. The stock yarn cards or sheets, and the stock cloth cards or sheets, the former being a stock record of the raw material purchased and the latter a record of the manufactured goods.

The referee directed that these papers and articles be produced. The defendants claim either they were nonexistent or that their production was non-essential and did not relate to the merits of the action. The plaintiff claimed that their production was necessary to enable him to check up the inventories submitted and check the sales slips. On an application to the court to punish the defendants " as and for a wilful contempt of court for their wilful failure to produce such papers " an order was made striking out the defendants' answer and granting judgment to plaintiff for the relief demanded in the complaint.

That the court may " in a proper case " strike out an answer as punishment for disobedience of the order of discovery without depriving a defendant of his property without due process of law, is well established. It was held in *Walker* v. *Walker* (82 N. Y. 260) that the court had the inherent power to strike out an answer as a punishment for contempt where the defendant was in disobedience of an order for the payment of counsel fee and alimony. *Hovey* v. *Elliott* (167 U. S. 409), disapproving this ruling, laid down the rule broadly that a court possessing plenary power to punish for contempt, might not, on the theory of punishing for a contempt, summa-

rily deny a party the right to defend an action, without destroying the fundamental guarantee of due process.

But the doctrine of *Hovey* v. *Elliott* is not applicable. The distinction between the denial of the right to defend as a mere punishment and the denial of such right to punish defendant for the suppression of material evidence in its possession is clearly pointed out in *Hammond Packing Co.* v. *Arkansas* (212 U. S. 322, 351) as follows:

" * * * The difference between mere punishment, as illustrated in *Hovey* v. *Elliott,* and the power exerted in this, is as follows:

" In the former due process of law was denied by the refusal to hear. In this the preservation of due process was secured by the presumption that the refusal to produce evidence material to the administration of due process was but an admission of the want of merit in the asserted defense. The want of power in the one case and its existence in the other are essential to due process, to preserve in the one and to apply and enforce in the other. In its ultimate conception, therefore, the power exerted below was like the authority to default or to take a bill for confessed because of a failure to answer, based upon a presumption that the material facts alleged or pleaded were admitted by not answering, and might well also be illustrated by reference to many other presumptions attached by the law to the failure of a party to a cause to specially set up or assert his supposed rights in the mode prescribed by law.

"As pointed out by the court below, the law of the United States, as well as the laws of many of the States, afford examples of striking out pleadings and adjudging by default for a failure to produce material evidence, the production of which has been lawfully called for. Rev. Stat. U. S. § 724, which was drawn from § 15 of the Judiciary Act of 1789, after conferring upon courts of law of the United States the authority to require parties to produce books and writings in their possession or under

their control which contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceedings in chancery, expressly empowers such courts, if a plaintiff fails to comply with the order, to render a judgment of non-suit, and if a defendant fails to comply ' the court may, on motion, give judgment against him by default.' From the time of this enactment, practically coeval with the Constitution, although controversies have arisen as to its interpretation, no contention, so far as we can discover, has ever been raised questioning the power given to render a judgment by default under the circumstances provided for in the statute.    *   *   *

"And, beyond peradventure, the general course of legislation and judicial decision in the several States indicates that it has always been assumed that the power existed to compel the giving of testimony or the production of books and papers by proper regulations prescribed by the legislative authority, and for a failure to give or produce such evidence, the law might authorize a presumption in a proper case against the party refusing, justifying the rendering of a judgment by default, as if no answer had been filed.    *   *   * "

The power thus exercised was upheld by this court in *Osterhoudt* v. *Prudential Ins. Co.* (211 N. Y. 547).

These cases have, however, while holding broadly that an answer may be stricken out as a penalty for disobedience of an order of discovery, dealt with generalities not altogether applicable to the case at bar. The language of the opinions is to be related to the particular facts before the court and accepted, not as a rule applicable to all cases, but as a rule applicable to " a proper case." Discovery was here ordered only to enable plaintiff to establish the value of the corporate stock of which he alleges he was defrauded by the defendants. A partial discovery was made. Only the corporation defendants

were ordered to produce books and papers, yet the answer of the individual defendants has also been stricken out. The answer contains what are alleged as affirmative defenses. These also are stricken out. It is unnecessary at this time to consider whether such affirmative defenses are sufficient in law. Their sufficiency is not questioned nor is the sufficiency of the complaint questioned on this appeal.

The provisions of section 325, Civil Practice Act, are elastic enough to enable the court to fit the punishment to the offense, and to restrict the maximum punishment to " a proper case." The court is not limited to the alternatives of denying the motion or striking out the answer as a whole. It " may make an order striking out one or more * * * defenses, counterclaims * * * or that he (defendant) be debarred from maintaining a particular claim or defense in relation to which the discovery or inspection was sought." The line may thus be definitely drawn between the proper punishment for suppressing evidence and the improper punishment as for a contempt merely. So far as the answer is stricken out as a punishment for contempt of court rather than a penalty for disobedience to the order, it comes within the condemnation of *Hovey* v. *Elliott* (*supra*). Plaintiff, as we have seen, seeks the discovery of the papers which are withheld, in order to establish the value of the stock. They would not if produced tend to establish that plaintiff sold his stock in reliance upon false representations as to its value. The case is a proper one for an order precluding the corporate defendants from asserting the claim that the value of the stock was less than $200,000. So far as the order goes beyond the preclusion of the proof which might presumptively be discovered if the papers were produced, it goes beyond the constitutional limitations upon the power to punish for contempt. When a defendant refuses to produce books and papers relating to the merits of the action, he may be deprived of the right to assert that, as far as

they relate to the merits of the action, he has a good defense. The presumption arises that a failure to produce such evidence is an admission that it exists. The punishment is for withholding proof and is properly limited to excluding what the proof presumptively establishes. But to punish generally for a refusal to produce by striking out an entire answer, which not only puts in issue all the material allegations of the complaint but includes affirmative defenses, comes perilously near the denial of due process of. law. Take, for example, the case where the answer includes affirmative defenses and counterclaims. The defendant by a failure to make proper discovery going to the merits of the entire action, may be precluded from denying the allegations of the complaint, by striking out his denials, but does any legitimate inference follow from such failure that it has not abundant proof to establish its defenses and counterclaims? The power to punish is limited by the presumption which attaches to the suppression of the evidence suppressed. This conclusion is fortified by the provisions of section 325 that the court may, as an alternative, " punish the party for a contempt " without striking out the answer or any part of it.

To strike out the answer of the individual defendants is clearly to punish them as for a contempt. They may have combined with the corporate defendants in suppressing evidence, but they were not ordered to make discovery and were not in default. Section 325 limits the power to inflict the penalty to the adverse party who has disobeyed the order.

We now come to the consideration of the question whether the court below had any evidence on which to base a finding that the corporate defendants refused to produce papers which were in existence and which related to the merits of the action. Unless it had such evidence, direct or circumstantial, it was without jurisdiction to make the order. From the refusal to obey an order to

produce books, a presumption arises that the books, if produced, would furnish evidence material to the defendant, but no presumption arises that books and papers alleged to exist are in existence.

As to the inventory sheet of October 1, 1916, no evidence was produced that it was in existence and defendants' sworn statements are to the contrary. As to the monthly profits sheets we have the evidence of Lister, one of the defendants, that such sheets were kept. Defendants' denials are somewhat equivocal. The same is true of the stock yarn cards and the stock cloth cards. The Special Term, on the facts and legitimate inferences from the facts, has found both that the papers, other than the inventory sheet, were in existence and were material to the merits of the action, so far as the value of the stock was concerned. I cannot reach the conclusion that as matter of law the evidence was insufficient when read in the light of the entire proceeding.

The orders should be modified by providing that the corporate defendants shall be debarred solely from maintaining the particular claim that the value of the stock was less than $200,000 and as so modified affirmed, with costs to appellants. The second and third questions certified should be answered in the affirmative, and the first, fourth and fifth in the negative.

All concur, except Cardozo and Lehman, JJ., who dissent and vote to reverse the orders appealed from on the ground that the evidence does not sustain a finding that any books or records have been willfully withheld.

Ordered accordingly.