M. D. Levy and Another, Copartners Doing Business under the Name of Toledano & Levy, Appellants, *v.* Emerson Steuben Mills, Inc., Respondent.

Supreme Court, Appellate Term, First Department, December 21, 1935.

*Margaret M. Mangan,* for the appellants.

*Bogart & Lonergan,* for the respondent.

Per Curiam. Moellhausen was not in default under the order of November 23, 1934, since a stay of this court was in effect on the date he was directed to appear for examination before trial. Moreover, the court by its order of November 23, 1934, was not justified in dismissing the plaintiffs' complaint for the alleged failure of Moellhausen to appear for examination in support of defendant's counterclaim. The plaintiffs by failure to make proper discovery going to the merits of the counterclaim may be precluded from denying the allegations of the counterclaim by striking out the denials; but no legitimate inference follows from such failure that plaintiffs have not abundant proof to establish their complaint. " The power to punish is limited by the presumption which attaches to the suppression of the evidence suppressed." (*Feingold* v. *Walworth Bros., Inc.,* 238 N. Y. 446; *People* v. *Henriques & Co.,* 267 id. 398.) Under such circumstances plaintiffs' failure to appear does

not raise a presumption that there is no merit to the complaint, but solely the presumption that the evidence suppressed would have established defendant's counterclaim.

The judgment should be reversed, with costs, and appeal from orders dismissed.

All concur. Present — LYDON, HAMMER and SHIENTAG, JJ.

Judgment reversed, with costs, and appeal from orders dismissed. Examination of plaintiffs by Rene Moellhausen to proceed on January 2, 1936, at two P. M. at Special Term, Part II, of the City Court of the City of New York, County of New York.