■ In the Matter of NICHOLAS RUBINO, Appellant, v. EMPIRE HEATING CORPORATION, et al., Respondents.— In a proceeding to punish the respondents for contempt by reason of their alleged willful and deliberate failure to produce books and records pursuant to an order of the Special Term (*Matter of Rubino v. Empire Heating Corp.*, 2 A D 2d 988) granting to the petitioner an inspection of the corporate respondent's books and records, the petitioner appeals from an order of the Supreme Court, Kings County, entered November 24, 1958, which denies his application. Order affirmed, without costs. The finding that " No proof has been offered that there was any willful destruction " of the sheets is reversed, and the finding is made that there was a willful destruction of the sheets. But since a finding would have been warranted that it was

not satisfactorily established that the missing papers were in existence when the inspection was originally granted by the Special Term's order, the respondents may not be held in contempt for not producing the papers. There can be no willful disobedience to a lawful mandate of a court prior to the time that the mandate is made (see, e.g., *Feingold* v. *Walworth Bros.*, 238 N. Y. 446; *Moore* v. *Jackson Tube Co.*, 86 N. Y. S. 2d 488; *People* v. *Shapolsky*, 8 A D 2d 122). New findings of fact are made as indicated herein. Ughetta, Kleinfeld, Christ and Brennan, JJ., concur; Beldock, Acting P. J., dissents and votes to reverse the order and to grant the application to punish respondents for contempt.