■ ESTHER JAMES, Respondent, v. ADAM C. POWELL, JR., et al., Appellants. — Judgment entered upon an inquest for assessment of damages held after defendants' answer was stricken for failure to appear for examination before trial in accordance with a court order, unanimously modified, on the law, on the facts and in the exercise of discretion, to the extent of (1) reducing the award of punitive damages in the first decretal paragraph to $100,000, (2) deleting the second decretal paragraph, and (3) reducing the award of compensatory damages in the third decretal paragraph to $55,785.76; and the judgment, as so modified, is affirmed, wtih $50 costs and disbursements to plaintiff. We discuss only the questions of damages, since we do not find that the numerous other points raised by appellants warrant the complete vacatur of the judgment as sought by them. The record shows that $33,250.76 remains unpaid on the libel judgment which plaintiff recovered against defendant Adam Powell on April 5, 1963 (20 A D 2d 689, affd. 14 N Y 2d 881). The material allegations of the complaint in the instant action, summarized in *James* v. *Powell* (25 A D 2d 1, 2) include an allegation that the fraudulently transferred Puerto Rico real estate exceeded in value the amount of the libel judgment. That allegation, among the other material allegations defendants' answer put in issue, was one of the "matters intended to be established by the examination" (*Colonial Beacon Oil Co.* v. *B. Taranto, Inc.*, 143 Misc. 425, 426), and by reason of the striking out of defendants' answer may be taken as at least undenied (cf. *Feingold* v. *Walworth Bros.*, 238 N. Y. 446, 454-455). But indeed, apart from that principle, the record contains sufficient proof, such as the certificate of registry of property reflecting a sale for the amount of $50,000 and an assessment for the purpose of auction at $50,269.60 and the testimony of plaintiff's attorney. Accordingly, the compensatory damages resulting from defendants' tort may properly include the above-mentioned sum of $33,250.76 remaining unpaid on the libel judgment (see 25 A D 2d 1, 4). Includible also are outlays by plaintiff ($1,500) and her counsel ($6,035), such as expenses incurred in their investigatory trips to Puerto Rico, as well as a reasonable counsel fee, which we limit to $15,000, since the much higher amount sought embraces many services unrelated to the questioned transfer. While that transfer, deliberately made by defendant Adam Powell, a member of Congress, to defeat enforcement of a judgment obtained but two weeks earlier, fully justifies substantial punitive damages against him, the amount awarded by the trial court is grossly excessive. The participation of his codefendant in the transfer warrants compensatory damages against her, but a degree of moral culpability on her part sufficient to require a punitive sanction is on the present record questionable. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin and Eager, JJ.