■ In the Matter of the Accounting of HUMPHREY STATTER, as Surviving

Cotrustee, under a Trust Created by OLIVER D. WELLS, Deceased Cotrustee, Appellant. JEAN V. WELLS et al., Respondents.—Order, Supreme Court, New York County, entered February 24, 1978, holding appellant in contempt for failure to comply with a referee's order directing appellant to produce copies of his time records, unanimously modified, on the law and in the exercise of discretion, to the extent of vacating the contempt order and directing instead that he produce his original time records for inspection within 10 days after service upon him of a copy of the order to be entered herein or be precluded from establishing any right to legal fees for services attributable to the trust, which he has rendered since November 7, 1974, and otherwise affirmed, without costs and disbursements. Appellant Statter, the attorney and surviving cotrustee of an *inter vivos* trust petitioned for an order seeking judicial settlement of the trustees' final account. Beneficiaries of the trust objected to the account whereupon a private referee was appointed to examine and audit the account, to hear and report thereon and to supervise all disclosure procedures. The referee ordered Statter to produce his time records relating to the fees he was requesting as attorney for the trust and for the estate of the deceased settlor, who had been the cotrustee. Upon Statter's refusal to obey the referee, Special Term ordered him held in contempt unless he produced copies of the records within a stated time. Given that appellant refused to obey a proper order of the referee the issue presented is the propriety of the sanctions which were imposed. The punishment ordered was an insignificant fine and appellant's arrest if he failed to comply with the referee's directive. The punishment fashioned by a court for disobedience of a disclosure order should befit the offense. (*Feingold v Walworth Bros.*, 238 NY 446.) Here confinement is inappropriate for appellant did not act contumaciously. And because he is a fiduciary and his accounting is required striking the petition and proposed account would be counterproductive. A far more effectual penalty is to require, as we do, that if appellant fails to seasonably produce his original time records before the referee he is to be precluded from making any claim for legal fees for services charged by him to the trust and rendered since the settlor's death. Appellant persuasively argues respondents' motion should not have been brought pursuant to CPLR 2308 for no subpoena had been issued or served. Nevertheless because the reasons underlying appellant's failure to disclose his time records are wholly without merit, and he undeniably disobeyed an order which was well within the referee's power to issue, no substantial right of his will be prejudiced by this court's disregard of this irregularity. (CPLR 2001, 104.) Concur—Murphy, P. J., Lupiano, Fein, Markewich and Yesawich, JJ.