WILLIAM M. TEBO, as Assignee, etc., Appellant, *v.* ELIZA BAKER, Impleaded, etc., Respondent.

An order requiring a party to an action to appear for examination before trial, under the provisions of the Code of Civil Procedure (New Code, § 870, *et seq.*), must be served personally upon him ; a service on his attorney is not sufficient to give the court jurisdiction to punish him for not obeying the order.

(Submitted March 25, 1879 ; decided April 8, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, reversing an order of Special Term striking out the answer of defendant Eliza Baker. (Reported below, 16 Hun, 182.)

The defendant answered in this action, and thereafter the plaintiff obtained an order for her examination before trial under the provisions of the Code relating to depositions. (Title 111, art. 1, §§ 870, 872, 873.) It was not served upon her, but upon her attorneys. She did not appear as required by the order, and on application of the plaintiff, the Supreme Court at Special Term made an order striking out her answer unless she appeared for examination.

*J. T. Marean,* for appellant.

*Morris & Pearsall,* for respondent. The service of the affidavit and order upon defendant's attorneys only was not a sufficient service. (*Riddle* v. *Cram,* 4 Abb. N. Cas. [note p.], 17; *Freiberg* v. *Branigan,* 3 id., 121; *Wood* v. *Keal,* id., 122.) Defendant could not be punished for contempt of an order not served on her. (Code, § 8, sub. 3, id., § 302; *Satterlee* v. *De Comean,* 7 Robt., 666; 2 R. S., 535; §§ 3, 5; *Rider* v. *Kidder,* 12 Ves., 202; *Durant* v. *Moore,* 2 R. & M., 34; *Weston* v. *Faulkner,* 2 Price, 2; 4 Wait's Pr., 180.)

DANFORTH, J. The plaintiff had a legal right to the order requiring the defendant to appear for examination, but unless that order was properly served the court had no jurisdiction to punish her for not obeying it, and whether it was or not, is the question on this appeal. 1. The statute referred to, does not in terms direct the order to be served personally, but such is the necessary inference. It must require "the party, or person, to appear before the judge." It must be served within the State (§ 873), and "if the party so served fails to obey the order, his attendance may be compelled." (§ 874.) These provisions relate to the same person. The person who is to be examined, or whose attendance is to be compelled, is obviously the "party or person" served. That person cannot be the attorney, for his examination is not required, and no one but the client is concerned for his attendance. But section

875, declares that " a copy of the order, and of the affidavit " on which it was granted, must be served upon the attorney for each party to the action, who is required thereby to appear in like manner as a party in the action. The different language of these sections shows, that a different purpose was to be effected by the two modes of service. But section 874 before cited, also declares that the party to be examined who fails to obey the order may be punished in like manner, and the proceedings thereon are the same as if he failed to obey a subpœna. This comparison in the object and mode of proceedings, permits a still stronger inference that the order must be served in like manner as a subpœna, the object being the same; and by section 832, the mode of serving the subpœna is pointed out with great detail, it says : " to compel the attendance of a witness, the original must be exhibited to him ; a copy or a ticket containing its substance must be delivered to him, and travel fees, and fees for attendance paid to him." And by section 853, a person so subpœnaed, or a person who fails to obey an order requiring him to attend and be examined is liable in addition to punishment for contempt, to pay damages, and fifty dollars in addition, and if he is a party to the action in which he was subpœnaed, the court may as an additional punishment, strike out his pleading. It is under this section, that the learned counsel for the appellant, upholds the action of the Special Term.

We think it furnishes no support. It prescribes no proceedings against, or punishment for, any party or person who has not been personally served with notice by subpœna, or order, or received compensation for attendance, in pursuance of its terms. This is expressly declared in regard to the subpœna, and there is nothing in the statute to indicate any different intention as to the order. Both answer the same purpose. The same punishment is prescribed for disobedience to either, and if a *party* fails in obedience, whether to a subpœna or order, his pleading may be stricken out.

But again : it is expressly provided by the Code, that so much of it as relates to the service of papers, and permits service other than personal, does not apply to the service of a summons, or other process ; or of a paper to bring a party into contempt.

We think the judge at Special Term had no jurisdiction to make the order complained of, that the General Term committed no error in reversing it, and therefore that the order appealed from should be affirmed.

All concur.

Order affirmed.