Ransom, S.
—This motion, so far as its purpose is to punish the respondent for contempt for her failure to comply with the order directing her to discover and produce for inspection certain books and papers, must be denied. It is conceded that the order was'not served upon her personally, hut was served upon her attorney. Personal service of the order upon the alleged delinquent was necessary to enable the court to adjudge her to be in contempt McCaulay v. Palmer, 40 Hun, 38; Tebo v. Baker, 16 Hun, 182; affirmed 77 N. Y., 33, 36; Rossner v. The N. Y. Mus. Assoc., 20 Hun, 182-3.
It is competent for the court, however, to grant so much of the motion as asks that the answer, which the respondent filed in response to the petitions for her removal should be stricken out. Rossner v. The N. Y. Mus. Assoc. (supra).
She has filed two affidavits, each containing allegations seemingly intended to supply the proof provided for by subdivision 2 of section 806 of the Code of Civil Procedure. Both affidavits were filed since the submission and decision of the motion which resulted in the granting of the order in question. One was not filed until the return day of the order to show cause now under consideration. What might have been the effect of these affidavits if they had been seasonably interposed it is unnecessary to consider *734 now; they should have been presented on the return of the order directing the respondent to allow a discovery and inspection or, in default thereof, to show cause. The statute so provides. Section 806, subd. 2, supra.
If the respondent wishes to be relieved from the order the operation of which she is endeavoring to evade, and considers she has grounds sufficient to entitle her to such relief, she should present them in appropriate proceeding for the purpose. The present is a proceeding to enforce the execution of an order regularly made and not a motion for its vacation.
An order may be entered providing that the respondent may, within a day from the date of its entry and service of a copy thereof on her attorney, comply with the order in question, and in default thereof, that her aforesaid answer be stricken out.