NORMAN C. RAFF and FRANK R. GAMMON, Respondents, v. KOSTER, BIAL & COMPANY, Appellant.

*Appeal — what is an "intermediate order" reviewable on an appeal from a judgment — a bill of particulars is an extension of the pleading — a judgment falls with the order on which it is based.*

An order granting a motion for a bill of particulars cannot be reviewed as an "intermediate order" on an appeal from a judgment entered upon an order striking out the defendant's answer.

The "intermediate order" mentioned in section 1316 of the Code of Civil Procedure, which may be brought up for review on an appeal from a final judgment, is such an order as, if reversed, would take away the foundation of the judgment or make the trial or the judgment entered invalid or without support.

A bill of particulars is simply an extension of the pleading in relation to which it is ordered.

Where an order striking out an amended answer and the order awarding the plaintiffs judgment upon such first-mentioned order are reversed, the judgment resting upon such orders will also be reversed.

APPEAL by the defendant, Koster, Bial & Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 2d day of December, 1898, upon an order striking out the defendant's amended answer, with notice of an intention to bring up for review upon such appeal an order made at the New York Special Term and entered

in said clerk's office on the 27th day of July, 1898, requiring the defendant to serve a further bill of particulars of its counterclaim, and also an order made at the New York Special Term and entered in said clerk's office on the 7th day of November, 1898, as resettled by an order entered in said clerk's office on the 16th day of November, 1898, striking out the amended answer of the defendant, for failure to serve such further bill of particulars; and also an order made at the New York Special Term and entered in said clerk's office on the 1st day of December, 1898, as resettled by an order entered in said clerk's office on the 17th day of December, 1898, awarding the plaintiffs judgment upon the order striking out said answer, and granting the plaintiffs an extra allowance.

*Edward W. S. Johnston*, for the appellant.

*James Harold Warner*, for the respondents.

INGRAHAM, J.:

On July 27, 1898, an order was made requiring the defendant to serve a further bill of particulars of the defendant's defenses and counterclaims in the amended answer. In compliance with this order it seems that the defendant served a bill of particulars which the plaintiffs claimed was not a compliance with the order, and subsequently the plaintiffs moved upon affidavit for an order striking out the amended answer of the defendant for non-compliance with said order requiring a further bill of particulars. That motion was granted and it was ordered that the defendant's amended answer be in all respects stricken out. The plaintiffs then made a motion upon notice for an order directing the clerk to enter judgment for the plaintiffs for the sum of money and interest demanded in the complaint. This motion was granted and the plaintiffs were given an additional allowance. Upon this order judgment in favor of the plaintiffs was ordered, and this appeal is from such judgment.

In the notice of appeal from the judgment the appellant sought to review the order of July twenty-seventh, requiring the defendant to serve a further bill of particulars, and the order of November 7, 1898, striking out the amended answer of the defendant for failure to serve the bill of particulars, and the order of December 1, 1898,

awarding the plaintiffs judgment upon such order so striking out said answer as aforesaid. It appears that the order of November seventh, striking out the amended answer of the defendant, and the order of December first, awarding to the plaintiffs judgment upon the order striking out the said answer, were reversed by this court upon an appeal from such orders. Those orders having been reversed, the foundation of this judgment is gone and the judgment so appealed from must, therefore, be reversed.

The plaintiffs on this appeal also seek to review the order granting the motion for a bill of particulars. That order, however, cannot be reviewed on the appeal from the judgment. Section 1316 of the Code of Civil Procedure provides that "An appeal taken from a final judgment brings up for review * * * an intermediate order, which is specified in the notice of appeal, and necessarily affects the final judgment." An order for a bill of particulars is not such an order. A bill of particulars so required is simply an extension of the pleading in relation to which it is ordered and has no relation to the final judgment. It does not "necessarily affect" the judgment, but has relation to preparing the issues to be presented to the court upon the trial. After a trial of the issues it would not be material whether a bill of particulars had or had not been ordered, and the court would not be justified in reversing a judgment entered on a verdict or on the decision of the Special Term or the report of a referee, because a bill of particulars had been improperly required or refused. It is only orders which, if reversed, would take away the foundation of the judgment or make the trial or the judgment entered invalid or without support that can be reviewed on an appeal from the judgment. There is a plain distinction between orders that thus directly affect the judgment, and orders which relate to the pleadings or procedure in the action. An order to amend a pleading, or for a bill of particulars not necessarily affecting the final judgment, is not included within the orders that can be reviewed upon an appeal from the final judgment.

The judgment should be reversed, with costs to appellant to abide the event.

Van Brunt, P. J., Barrett, Rumsey and O'Brien, JJ., concurred.

Judgment reversed, with costs to appellant to abide event.