### STEIN v. STEIN.

(Supreme Court, Appellate Division, First Department. April 8, 1909.)

PLEADING (§ 323*)—BILL OF PARTICULARS—TIME OF MOTION.
　　Motion for a bill of particulars of the "day and time," made after an order framing issues and directing trial thereof on a certain day, in an action in which the complaint alleged commission of adultery in a certain month and at a certain hotel, is too late, as a bill of particulars·

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

might modify the order settling issues, which may be done only by motion therefor or by appeal.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 977; Dec. Dig. § 323.*]

Scott and Ingraham, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Lena Stein against Louis Stein. From an order denying a motion for bill of particulars, defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and SCOTT, JJ.

Jacob Manheim, for appellant.

McLAUGHLIN, J. Action for a divorce. The fifth paragraph of the complaint alleges that the defendant committed adultery about the month of July, 1907, at a certain hotel in Coney Island, which allegation was put in issue by the answer. Thereafter, upon motion, the issues were framed and sent to a jury for trial on January 25, 1909. In the order framing issues, from which no appeal has been taken, there was inserted the name of the hotel where the offense is alleged to have been committed. After the issues had been framed, and a few days before the day fixed for trial, the defendant moved for a bill of particulars of the "day and time" when the offense charged was alleged to have been committed. The motion was denied, and defendant appeals.

A bill of particulars is an extension of the pleading in relation to which it is ordered. Raff v. Koster, Bial & Co., 38 App. Div. 336, 56 N. Y. Supp. 997. Its purpose is to limit the proof of the party furnishing it to the particular facts stated. Had the defendant moved for a bill of particulars before the order had been made settling the issues and directing a trial of the same, I am of the opinion he would have been entitled to the information asked. Having waited, however, until after issues had been framed and a trial thereof directed on a day specified, he was not entitled to the order. The bill of particulars, if the same were furnished, might, and probably would, modify the order settling the issues, and that order cannot be modified or qualified, except by motion for that purpose, or by an appeal from it.

The order appealed from, therefore, is affirmed, with $10 costs and disbursements.

PATTERSON, P. J., and LAUGHLIN, J., concur.

SCOTT, J. (dissenting). The purpose and effect of a bill of particulars in a case like the present is not to change the issue, but merely to limit the proof which may be offered upon the issue. It makes no difference that the issue in this particular case is framed by the Special Term. That is so merely because the action happens to be on the equity side of the court. If the action were one at common law, in which the issues to be tried are framed by the pleadings, or if the action were to be tried at Special Term, in which case no issues would be specifical-

ly framed, we would not hesitate to grant an order for a bill of particulars to limit proof, even on the very eve of the trial. The plaintiff then knows, if she ever will know, what she will attempt to prove as to the time of the adultery, and it is only reasonable that she should advise the defendant as to the particular days to which her proof will be directed. It would be unreasonable to ask her to specify the hour. The motion below should have been granted to the extent of requiring the plaintiff to specify the day or days in July, 1907, upon which she will undertake to prove that the defendant committed adultery.

The order appealed from should be reversed, and the motion granted to the extent indicated, without costs to either party.

INGRAHAM, J., concurs.