Rose Levine, Respondent, *v.* Peter Moskowitz, Appellant, and Another, Defendant, Copartners Doing Business under the Firm Name and Style of Moskowitz Bros.

First Department, July 6, 1923.

**Pleadings — answer cannot be stricken out for failure of defendant to appear for examination before trial on notice served on his attorney — court has neither statutory nor inherent power to strike out answer.**

Striking out the answer of a defendant for failure to appear for examination before trial on a notice served upon his attorney is not authorized by sections 288–309 of the Civil Practice Act, nor has the court any inherent power to strike out the answer in such a case.

Appeal by the defendant, Peter Moskowitz, from a determination of an Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 1st day of May, 1923, affirming an order of the City Court of the City of New York striking out the answer of said defendant for his failure to attend and be examined pursuant to a notice of taking testimony by deposition served upon his attorney.

*Edward W. Drucker* [*Alan L. Dingle* with him on the brief], for the appellant.

*Wechsler & Wechsler* [*Samuel Wechsler* of counsel], for the respondent.

McAvoy, J.:

The ruling now under review raises the question: May a party upon whose attorney a notice to appear for examination before trial is served, have inflicted upon him the penalty of striking out his pleading in the event that he fails to attend pursuant to a notice? As this penalty has inherently the same nature as that of a punishment for contempt through disobedience of an order or subpœna, the same considerations must govern its use.

No copy of a notice to attend the examination was served upon the defendant. No subpœna or order of the court requiring his appearance was served upon him. The defendant failed to appear

for examination in accord with the notice served upon his attorney. On motion at Special Term at the City Court an order was made granting plaintiff's motion to strike out defendant's answer unless the defendant submitted to an examination on the date named therein. The Appellate Term of this court has affirmed that order and has given permission to appeal here from its determination. There can be found nowhere statutory authority for this procedure. Such penalty is not prescribed in the sections governing examinations of parties and witnesses in the Civil Practice Act (§§ 288-309).

By section 405 of the Civil Practice Act this penalty and others for disobedience of a subpœna or order requiring the attendance of a witness for examination are provided, but the penalty of striking out a pleading for the failure of a party to appear for examination pursuant to a notice served only on his attorney is nowhere prescribed.

Section 299 of the Civil Practice Act seems to contemplate that the compulsion of attendance of a witness must be had under subpœna where no order is served. It says in part: " If the witness so served [*i. e.*, with a subpœna or order], fails to obey the subpœna or order, his attendance may be compelled and he may be punished for any disobedience of the subpœna or order in like manner, and the proceedings thereon shall be the same as if he failed to obey a subpœna to attend the trial."

Section 300 of the same act, providing for the place at which a resident or non-resident of the State may be required to attend, recites: " Where a person to be examined, as prescribed in this article, within the State, is a resident of the State, he shall not be required to attend in any county, other than that in which he resides, or where he has an office for the regular transaction of business in person. Where he is not a resident, he shall not be required to attend in any other county than that *wherein he is served with a subpœna*, except that where the examination is held *pursuant to an order*, he may be compelled to attend in any county specified in the *order*."

But we are assured that even without legislative sanction the power to inflict this penalty lies in the courts. There is no such inherent power residing in the judicial branch of government. The right to create a presumption flowing from a failure to produce proof must be expressly created by statute.

The striking out of a party's pleading and the allowance of entry of judgment against him is based upon a presumption that his failure to produce proof ordered to be produced by the court is, *pro confesso*, an admission of his adversary's right thereto because of the lack of merit of his own cause. The courts merely administer

the laws; the Legislature enacts them. In no Federal or State decision allowing a party's pleadings to be struck from the files and the entry of judgment by default to be had upon failure of. that party to comply with an order for the production of evidence in such action, is the court's action based upon an inherent power in the court so to act. (*Tebo* v. *Baker*, 77 N. Y. 33; *Hammond Packing Co.* v. *Arkansas*, 212 U. S. 322.) In every instance such a remedy has been authorized by an express statute. Since our statute contains no provision for the striking out of pleadings for the failure to attend an examination pursuant to a notice, nor authorizes any presumption against the party failing to attend, nor gives the right of entry of judgment upon a failure to produce evidence or testimony required by the notice, the court cannot substitute a penalty which the Legislature has omitted to prescribe.

The determination of the Appellate Term should be reversed, with ten dollars costs and disbursements in this court, the order of the City Court reversed, with ten dollars costs and disbursements at the Appellate Term, and the motion denied, with ten dollars costs.

CLARKE, P. J., SMITH, MERRELL and MARTIN, JJ., concur.

Determination of Appellate Term reversed, with ten dollars costs and disbursements in this court, and order of the City Court reversed, with ten dollars costs and disbursements at the Appellate Term, and the motion denied, with ten dollars costs.