HARRIETT W. PETERS, as Administratrix, etc., of ALICE M. WHITE, Deceased, Respondent, *v.* LANCELOT M. BERKELEY, Appellant, Impleaded with FLORA H. MACIVOR, Defendant.

First Department, February 4, 1927.

Pleadings — answer — answer cannot be stricken out because defendant is in contempt in failing to appear for examination before trial in action of replevin — error to set aside verdict of $2,500 and direct verdict of $4,500 solely on plaintiff's testimony — defendant had right to appeal from judgment — two contempt orders cannot be reviewed as intermediate orders, under Civil Practice Act, § 580, for they do not affect final judgment — contempt orders may be appealed from directly — error to grant motion to punish defendant for contempt for violation of order not served personally — appellant cannot appeal from order denying motion for dismissal of complaint as to other defendant — judgment cannot be vacated on ground that roll contained improper papers.

In an action of replevin the defendant failed on several occasions to appear for examination before trial to be examined as to the description of the property. It was error for the court, when the case came on for trial, to strike out defendant's answer on the ground that he was in contempt and proceed as upon an inquest.

It was likewise error for the court to direct the jury to bring in a verdict of $4,500 solely on plaintiff's testimony after the jury had rendered a verdict for $2,500, for the jury had the right to pass on plaintiff's credibility.

The contention by the plaintiff that the defendant did not have a right to appeal from the judgment, which contention is based upon the theory that the judgment rendered is in effect a default judgment, cannot be sustained, for the judgment cannot be called a default judgment inasmuch as the answer was improperly stricken out, to which action the defendant objected and saved an exception.

Two contempt orders, based on the failure of the defendant to appear for examination, cannot be reviewed as intermediate orders on appeal from the final judgment, under section 580 of the Civil Practice Act, for they do not affect the final judgment. But such orders, under which the defendant has paid the fines imposed, may be appealed from directly.

Another contempt order is reviewable, since it appears that the notice of appeal from that order was served within the statutory time.

It was error for the court to grant plaintiff's motion to punish the defendant for contempt for violation of an order to appear for examination, which order was never served personally upon the defendant.

The appellant did not have the right to appeal from an order denying a motion for the dismissal of the complaint as to his codefendant, for the appellant was not an aggrieved party as to that order.

The judgment rendered cannot be vacated on the ground that the judgment roll contained papers which were not properly a part thereof. The only remedy is a motion to strike out such papers as are irrelevant.

APPEAL by the defendant, Lancelot M. Berkeley, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 6th day of January, 1926, upon the verdict of a jury rendered by direction of the court after the defendant's answer had been struck out upon the ground that the defendant was in contempt of court, with notice of intention to bring up for review on said appeal three separate intermediate orders, made on the 27th day of December, 1922, on the 28th day of March, 1923, and on the 6th day of January, 1926, adjudging the defendant guilty of contempt of court, and also an order made on the 28th day of January, 1926, denying a motion to vacate the judgment and correct the judgment roll.

*L. M. Berkeley*, appellant in person.

*Malcolm C. Law* of counsel [*Francis B. Hamlin* and *George L. Hubbell, Jr.*, with him on the brief; *Greene & Hurd*, attorneys], for the respondent.

FINCH, J. The plaintiff sues in replevin as administratrix of one Alice M. White, deceased, to recover certain personal chattels alleged to have been the property of plaintiff's intestate at the time of her death and to be wrongfully withheld by the defendant, appellant, hereinafter called the defendant. The defendant interposed an answer denying generally the allegations of the complaint.

It appears that the defendant claims to have furnished the moneys with which the deceased purchased in her name a house

and furniture for the purpose of entering into the furnished room business and took back from her a deed to the house and a bill of sale of the furniture. According to the testimony of the plaintiff on the trial, the plaintiff's intestate had ample means to and did purchase with her own money the house and its contents. The defendant resided with her as a boarder, and after the death of plaintiff's intestate the defendant claimed ownership of said property under the aforesaid deed and bill of sale.

On October 17, 1922, the plaintiff procured an order requiring the defendant to appear for examination concerning the description of the furniture and property in order to enable the plaintiff to prepare her complaint. This order was personally served on the defendant. The defendant obtained a stay pending the giving of security for costs by the plaintiff. The security was given and the examination of the defendant was finally fixed for the 3d of November, 1922, by an order which was personally served upon the defendant. The defendant appeared at Special Term, Part II, where an altercation occurred between the plaintiff's attorney and the defendant with respect to the examination, and the defendant was requested to go to the judge's chambers for instructions, the justice who was holding Part II having left the court house. The defendant refused to go to the judge's chambers, claiming that he was not ordered to attend at chambers. The plaintiff then obtained an order requiring the defendant to show cause why he should not be punished for contempt. This order was served personally on the defendant and he appeared and contested the matter, but by order dated December 27, 1922, he was found guilty and fined $250 and $10 motion costs, with leave to purge himself by submitting to examination on January 3, 1923. This order was not served on the defendant personally, but was delivered to a person of suitable age and discretion at the residence of the defendant. On March tenth the plaintiff procured an order to show cause why the appellant should not be punished for failure to appear on January 3, 1923, and why he should not be ordered again to appear for examination on March 23, 1923. This order was not served personally, but was left with a person of suitable age and discretion at the residence of the defendant. The defendant did not appear on the return day. His default was taken and an order was settled by leaving a proposed copy with a person of suitable age and discretion at the residence of the defendant. An order was made on March 28, 1923, fining the defendant $250 and $10 motion costs for failing to appear on January third, and the defendant was ordered committed until the fine of $250 had been paid. It was further provided by said order of March 28,

1923, that the defendant appear for examination on April 3, 1923, and providing that service be made by leaving a copy of the order with notice of entry at the residence of the defendant with a person of suitable age and discretion. A copy of this order was served accordingly, without personal service on the defendant. The defendant failed to appear and notice of his default was taken.

When the action was reached for trial on January 6, 1926, upon the plaintiff's motion the court struck out the answer of the defendant, over his objection and exception, upon the ground that the defendant was in contempt of court for failing to appear on April 3, 1923, and he was fined $100 and the trial proceeded as upon an inquest, taking plaintiff's proof of damage, namely, the value of the chattels, consisting of household furniture, linens, etc. The jury found the value of these articles to be $2,500 and rendered a verdict accordingly. Upon motion, the court directed the jury to find for the plaintiff the least amount testified to by a witness on behalf of the plaintiff, namely, the sum of $4,500 and interest.

The defendant appeals from the judgment and submits for review the orders of December 27, 1922, and March 28, 1923, adjudging the defendant in contempt, also from the order of January 6, 1926, made in the course of the trial adjudging the defendant guilty of contempt, and an order of January 28, 1926, denying a motion to vacate the judgment and to correct the judgment roll.

The judgment appealed from cannot be sustained for the following reasons: There is no power inherent in the court to strike out an answer of a defendant as a punishment for a contempt of court. (*Hovey* v. *Elliott,* 167 U. S. 409; *Levine* v. *Moskowitz,* 206 App. Div. 194.) In the case at bar the learned court struck out the answer upon the express ground that the defendant was in contempt of court. We are not here concerned with the extent of the power of the court to deny affirmative relief to a party in contempt. Even where express statutory authority has been given to strike out an answer of a defendant in contempt, this power must be related to the suppression of evidence going to the merits of the action and not as a mere punishment for the contempt. In *Feingold* v. *Walworth Bros., Inc.* (238 N. Y. 446), the court, through Judge POUND, said (at p. 454): " The line may thus be definitely drawn between the proper punishment for suppressing evidence and the improper punishment as for a contempt merely. So far as the answer is stricken out as a punishment for contempt of court rather than a penalty for disobedience to the order, it comes within the condemnation of *Hovey* v. *Elliott* (*supra*)."

In the case at bar the learned court struck out the entire answer and not only that portion which related to the evidence which

might be considered as suppressed by the defendant. As was further said in *Feingold* v. *Walworth Bros., Inc. (supra)*: " The punishment is for withholding proof and is properly limited to excluding what the proof presumptively establishes. But to punish generally for a refusal to produce by striking out an entire answer, which not only puts in issue all the material allegations of the complaint but includes affirmative defenses, comes perilously near the denial of due process of law." In the case at bar the answer denied title in the plaintiff, while the examination before trial sought evidence as to an inventory of the articles. Since the whole answer was stricken out, a new trial would have to be granted also upon this ground.

There also was error in setting aside the verdict for $2,500 rendered by the jury and in directing a verdict for the full amount testified to by the plaintiff as the value of the furniture. This question is material since there must be a new trial. The plaintiff herself was not testifying as an expert. But whether regarded as an expert or as an interested witness, the jury were not bound to accept her testimony as to the value of the chattels.

Taking up now the orders of December 27, 1922, and March 28, 1923, respondent contends that the defendant cannot appeal from these orders entered prior to the trial adjudging him in contempt, since the time to appeal therefrom has expired; and that he cannot appeal from the judgment because it is in the nature of a default judgment. It cannot be said that the appeal from the judgment is from a default judgment, since the answer was improperly stricken out and affirmative relief given against the defendant, and the defendant was present and took an objection and exception. An appeal, therefore, clearly lies from the judgment. (*Jones* v. *Sabin*, 122 App. Div. 666, 669.) The defendant has paid the fines imposed under these orders adjudging him in contempt. Such orders may be appealed from directly. (*People ex rel. Negus* v. *Dwyer*, 90 N. Y. 402.) Whether they may also be reviewed upon appeal from this final judgment as intermediate orders depends upon their relation to the judgment. By section 580 of the Civil Practice Act it is provided that upon appeal from a final judgment or order, an intermediate order which necessarily affects the final judgment or order, and which intermediate order has not already been reviewed upon a separate appeal therefrom, may be reviewed, if specified in the notice of appeal. A motion to punish for contempt of court for failure to obey an order for examination before trial does not affect the final judgment and does not come within the test which was laid down by INGRAHAM, J., in *Raff* v. *Koster, Bial & Co.* (38 App. Div. 336) where he said: " It

is only orders which, if reversed, would take away the foundation of the judgment or make the trial or the judgment entered invalid or without support that can be reviewed on an appeal from the judgment. There is a plain distinction between orders that thus directly affect the judgment, and orders which relate to the pleadings or procedure in the action. An order to amend a pleading, or for a bill of particulars not necessarily affecting the final judgment, is not included within the orders that can be reviewed upon an appeal from the final judgment." The orders, therefore, of December 27, 1922, and March 28, 1923, adjudging the defendant in contempt, may not be reviewed upon appeal from the final judgment, and the appeals therefrom must be dismissed.

The third order adjudging defendant in contempt was entered on January 6, 1926, and the notice of appeal bringing it up for review was served within the time in which an appeal from said order could be separately taken (Civ. Prac. Act, § 612), and it may be reviewed upon this appeal. The order requiring the defendant to appear on April 3, 1923, was not served on him personally, and he asserts he never received the same. It was error, therefore, to grant the motion to punish him for contempt thereunder, and the said order thereupon entered must be reversed and the motion denied. (*Tebo* v. *Baker*, 77 N. Y. 33.)

The remaining order appealed from is that of January 28, 1926. This was made upon a notice of motion to vacate the judgment " because it makes no provision for the dismissal of the complaint as to the defendant MacIvor or for the recovery of the costs of the said defendant, and because the judgment roll contains an immense number of irrelevant papers which have no right to be in a judgment roll, * * * and why an order should not be made striking out of said judgment roll all papers save the summons, pleadings, verdict and judgment."

In so far as the appellant sought to have the judgment vacated for the failure to dismiss the complaint as against the defendant MacIvor, this omission could not be availed of by the defendant, appellant, but only by the defendant MacIvor, who was aggrieved thereby.

In so far as the judgment contains irrelevant papers, this was no ground to vacate the same, but furnished a ground to strike out such of the papers as were irrelevant. The defendant, however, failed to show his right to have all papers stricken out, except the summons, pleading, verdict and judgment. Certainly the papers in connection with his default in appearing for examination on April third were properly included, since, as noted, a motion was

made and granted to punish him for contempt in failing so to appear. These papers incidentally referred to the papers upon the prior motions. If the appellant desired to provide for the elimination of redundant and unnecessary papers, he should have specified such papers and pointed out wherein he claimed they were improperly included.

It, therefore, follows that the appeals from the orders of December 27, 1922, and March 28, 1923, should be dismissed; the order of January 6, 1926, reversed and the motion denied; the order of January 28, 1926, affirmed, and the judgment reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., MERRELL, McAVOY and PROSKAUER, JJ., concur.

Appeals from orders of December 27, 1922, and March 28, 1923, dismissed; order of January 6, 1926, reversed and motion denied; order of January 28, 1926, affirmed; judgment reversed and a new trial ordered, with costs to the appellant to abide the event.