MINNEAPOLIS, ST. PAUL AND SAULT STE. MARIE RAILWAY COMPANY, Respondent, *v.* ALCOHOL FUEL AND MOLASSES COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, June 30, 1927.

**Pleadings — answer — defendant's president voluntarily appeared for examination by plaintiff before trial — part of examination was deleted from transcript by defendant's attorney — under Civil Practice Act, § 405, court properly struck out answer for refusal to obey order to supply deleted portion.**

The answer of the defendant was properly stricken out, under section 405 of the Civil Practice Act, for the failure of the defendant to obey an order of the court directing it to supply a part of the testimony of defendant's president, taken on a voluntary examination of the president before trial, which testimony supported plaintiff's claim and was deleted by defendant's attorney from the transcript of the testimony taken on the examination.

APPEAL by defendant from a judgment of the Municipal Court, Borough of Manhattan, First District, entered as a result of an

order striking out defendant's answer because of the latter's failure to obey a direction of the court; and from two orders, one of which struck out defendant's answer.

*Jay Lee Rothschild* [*Louis Rivkin* of counsel], for the appellant.

*Hardin & Hess* [*Louis Russell* of counsel], for the respondent.

LEVY, J.   This is an appeal from a judgment entered as upon a default resulting from an order striking out defendant's answer because of its failure to obey a previous order of the court.   This was a consequence of the following chain of circumstances: Upon oral stipulation between the attorneys, defendant by its president voluntarily appeared at the office of its attorney and submitted to an examination by plaintiff who, it was agreed, was to be furnished with a transcript by the defendant's attorney. When the transcribed testimony was submitted to plaintiff's attorney, a rather long statement made by the witness and tending to sustain the cause of action was omitted.   Concededly, this statement was taken down stenographically, although defendant contends that it was not to be used if its attorney determined that it was not to form a part of the record.   Thereafter defendant was ordered by the court below to supply the deleted part, and upon its failure to do so its answer was stricken out.

It is urged that the court had no jurisdiction to strike out the answer, and the case of *Levine* v. *Moskowitz* (206 App. Div 194). is cited in support of that proposition.   But that authority goes no further than to hold that the failure of a party to appear for examination pursuant to notice served upon his attorney without an order or subpœna served upon the witness, is not sufficient ground for invoking the apparently drastic penalty contained in section 405 of the Civil Practice Act.   True it is that in the instant case there was no subpœna and no preliminary order.   By voluntarily submitting to an examination before trial, it seems to us that the witness subjected himself to the liability to answer questions germane and relevant to matters upon which his testimony was necessary and material, and to the consequences if he persisted in declining, precisely as if he had been served with a subpœna and his attorney with notice in the first instance.   For, did he not voluntarily submit to the jurisdiction in respect to the inquiry in the manner manifested?   Was not his appearance the result of his own volition, as effective as if he had been brought into court by judicial process?   Once properly before the court, he was within its power and was amenable, therefore, to its just mandate.

We feel that it may well be that the testimony which he attempted to suppress was material and necessary to the proof of the 4th

paragraph of the complaint. If defendant did not so consider it, it was amply protected by the provisions of section 305 of the Civil Practice Act, whereby the right is reserved to object to any question or answer upon the trial. The plaintiff by moving thereafter to compel the witness to produce such testimony, with defendant's refusal to comply with the order of the court in that direction following, placed itself fairly in a position to invoke against defendant the penalty imposed upon a witness as a party to the action, as provided in the last sentence of section 405 of the Civil Practice Act.

Nor does such an order, which may be considered drastic, involve an arbitrary denial, *as mere punishment*, of all right to defend. As was said by Mr. Justice WHITE in *Hammond Packing Co.* v. *Arkansas* (212 U. S. 322, 351): " In a sense, of course, the striking out of the answer and default was a punishment, but it was only remotely so, as the generating source of the power was the right to create a presumption flowing from the failure to produce. The difference between mere punishment, as illustrated in *Hovey* v. *Elliott* [167 U. S. 409], and the power exerted in this, is as follows: In the former due process of law was denied by the refusal to hear. In this the preservation of due process was secured by the presumption that the *refusal to produce evidence material to the administration of due process was but an admission of the want of merit in the asserted defense.*" (Italics ours.)

Nor can defendant maintain the position that the deletion by the witness was merely an attempt on his part to make change in his testimony to make it conform to his more deliberate recollection of the facts, within the rule of *Van Son* v. *Herbst* (215 App. Div. 563). Quite the contrary. It was an express attempt to suppress a material part of his testimony and a willful disobedience of the order of the court to restore it.

The judgment and orders appealed from are, therefore, affirmed, with twenty-five dollars costs.

All concur; present, DELEHANTY, LYDON and LEVY, JJ.