BERNARD H. CONE and Another, Copartners, etc., Respondents, *v.* ABRAHAM BERNANKE, Appellant.

Supreme Court, Appellate Term, First Department, March 15, 1935.

*Saypol & Rock* [*Arthur M. Saypol* of counsel], for the appellant.

*David B. Friedland*, for the respondents.

PER CURIAM. In view of the fact that the provision in the Code of Civil Procedure (§ 874) for payment of witness fees when the order for examination is served " upon the party " was omitted from the Civil Practice Act (§ 299), and that by the amendment of 1933 (Laws of 1933, chap. 740) where a party has appeared in an action the order for examination may be served upon his attorney and defendant's answer stricken out for willful failure to appear, without any reference to the payment of witness fees, it would seem that such payment was not required in this case. Where the same remedy is awarded for failure of a party to obey a subpœna (Civ. Prac. Act, § 405) payment or tender of the statutory fees is essential.

Order affirmed, with ten dollars costs.

LYDON and FRANKENTHALER, JJ., concur; HAMMER, J., dissents, with opinion.

HAMMER, J. (dissenting). I dissent. The order for examination was served on the attorney and not personally on the defendant. This was done under claimed authority of section 299 of the Civil Practice Act, amendment of 1933, providing that where a party has appeared in an action the order for examination may be served upon his attorney and his pleading stricken out for willful failure to appear. The section provides the methods for compelling the attendance of witnesses upon examination. Notice to obtain testimony of an adverse party who has appeared in the action may be served upon the latter's attorney (§ 290). An order may also be obtained in the first instance (§ 292). Attendance can be compelled by service of subpœna or order upon the person to be examined and payment of witness fees (§ 299). Unless personally served, failure to appear, in my opinion, does not justify striking out such

party's pleading for two reasons: (1) That his attendance was not compelled as required under section 299 by personal service upon such party of subpœna or order directing his appearance and payment of witness fees, and (2) the Legislature did not declare that the party's failure to appear gave rise to a presumption of the suppression of evidence. This was the construction before amendment, and none of the construed provisions have been changed. (*Levine* v. *Moskowitz*, 206 App. Div. 194; *Roseberg Holding Co., Inc.*, v. *Berman*, 214 id. 146.) Striking out the answer of a defendant is a punishment for a contempt. (*Feingold* v. *Walworth Bros., Inc.*, 238 N. Y. 446.) It has inherently the same nature as that of a punishment for contempt. (*Levine* v. *Moskowitz, supra.*) In so far as the record shows, the order here granted plaintiff's motion for defendant's examination on designated items and " the examination was set down for November 2, 1934." There seems to be no direction to defendant to appear. Under section 299, in my opinion, there would be no willful violation without personal service on the person whose attendance it was sought to compel and payment of witness fees. That has always been the law of this State. (*Levine* v. *Moskowitz, supra* [1923]; *Tebo* v. *Baker*, 77 N. Y. 33 [1879]; *Hewlett* v. *Brown*, 14 N. Y. Super. Ct. 655 [1858]; *Anderson* v. *Johnson*, 3 id. 713 [1848].) Personal service upon an application to punish for contempt for failure of a party to appear or produce evidence within his possession is jurisdictional. (Civ. Prac. Act, § 163; *Hovey* v. *Elliott*, 167 U. S. 409, which was distinguished in *Hammond Packing Co.* v. *Arkansas*, 212 id. 322, 351, the latter allowing preclusion but only after personal service of the order. (*Feingold* v. *Walworth Bros., Inc., supra; Likay* v. *Gottesman, No. 1*, 235 App. Div. 820; as modified on reargument, Id. 858.) Section 163 requires that " where a party has appeared a notice or other paper required to be served in an action must be served upon his attorney," but " does not apply to the service of a summons or other process; or of a paper to bring a party into contempt." The words of section 299 have identically the same meaning after as before the amendment. That the omission from section 299 of the Civil Practice Act of the words " upon the party," formerly in section 874 of the Code of Civil Procedure, does not permit striking out a party's pleading without personal service was specifically decided in *Tebo* v. *Baker* (*supra*) in respect of an omission to direct service personally on the party. (See, also, 4 Carmody Prac. § 1257, p. 2869.) Section 1539 of the Civil Practice Act provides that a witness is entitled to fees and mileage. Section 1541 provides that a party is not entitled to witness fees where he attends as a witness in his own behalf. Examining the plainly-stated enact-

ments of the Legislature and harmonizing their provisions, it seems to me that service upon the attorney does not eliminate the necessity of personal service of the order and payment of fees when it is sought to strike out the pleading for failure to attend for examination. If such a reform is desirable, the drastic change should be clearly stated by the Legislature and not occur through judicial declaration.

The order should be reversed, with ten dollars costs, and motion denied