JOSEPH FORSTHOFFER, Plaintiff, *v.* NETHERLAND CAB CO., INC., Defendant.

Supreme Court, Special Term, Kings County, December 10, 1940.

*Elliott, Fanning & Shaw,* for the plaintiff.

*Louis L. Resnick,* for the defendant.

CUFF, J. Motion by plaintiff to strike out the answer because defendant willfully ignored the notice to take a deposition before trial which was duly served upon it. No subpœna to attend the hearing was served. It is most unfortunate that relief may not be accorded in this instance. Ordinarily a court should have some control over a litigant who defies process emanating from the office of a member of the bar which has been served upon him. It seems, however, that the court lacks that authority. To penalize for such conduct the court must look to the statute. Inherently the court is without power. (*Tebo* v. *Baker,* 77 N. Y. 33.) No provision covers an obstructing default of this nature in article 29 of the Civil Practice Act, entitled "Testimony by deposition." Section 299, headed, "Compelling Attendance of Witnesses," which provides punishment for disobedience, restricts its terms to those who fail to obey a subpœna or an order; it does not mention notice. Writing in 1923, apparently with regret at the court's impotence when treating with this identical problem, McAvoy, J., said: "The courts merely administer the laws; the Legislature enacts them." (*Levine* v. *Moskowitz,* 206 App. Div. 194.) Counsel for plaintiff finds that the papers he has carefully prepared and the service thereof with the attendant expense to him of each effort have been wasted. His trip to the courthouse and the time that he waited for this defendant to appear were all for naught. The taking of the default, which was formally done, was just an idle gesture. His wounds were in no way salved when he telephoned from the courthouse to the office of his adversary to learn the reason for the non-appearance. He was informed at that late date

that the defendant did not intend to appear because "a notice and not an order of court" had been served. The least that plaintiff's counsel was entitled to under the circumstances was a telephone call in advance of the return day. The motion must be denied.