FIRST DEPARTMENT, MARCH, 1953.

(March 3, 1953.)

◼

LOUISE JACOBSON, as Executrix of GUNTHER JACOBSON, Deceased, Appellant, v. ALFRED FEINGOLD et al., Individually and Doing Business under the Name of FEINGOLD & FALUSSEY, Respondents.

*Per Curiam.* Plaintiff is the widow and executrix of a lawyer. Defendants are lawyers. The complaint alleges in substance that in the last illness of the plaintiff's husband defendants took over his office and practice, including cases in which he had expended money and effort in preparation. An accounting is sought.

Defendants plead the existence of a partnership between them and plaintiff's husband. They show a written agreement of partnership with him, undated except for the year of execution. They allege they have performed all the undertakings required by the agreement and that in pursuance thereof they have prepared a certified account of the partnership affairs and have submitted it to plaintiff.

Upon this state of the record defendants moved for summary judgment " on the ground that the action has no merit " and plaintiff asked affirmatively for summary judgment in her favor. The court at Special Term denied the defendants' motion for summary judgment on condition that plaintiff serve an amended complaint. No direct disposition is made by the court's opinion or in the order, of plaintiff's cross application for summary judgment.

The theory of decision is that the complaint contains unnecessary, irrelevant and redundant allegations and pleads evidence which the Special Term thought was designed to arouse prejudice against defendants and to be an insidious attack on their honesty and integrity.

All this, the court felt, it could not approve. But the defendants themselves did not move in respect of the allegations of the pleading which seemed to the court to be offensive. They contented themselves merely with a motion for judgment under rule 113 " on the ground that the action has no merit ".

Upon the relationship conceded to have existed between plaintiff's husband and defendants an accounting is warranted — either on the theory contended for by plaintiff or on that which defendants urge. The ultimate relief to be granted will redress the excessive language of the complaint to the extent it may then appear to be excessive.

The condition imposed by the Special Term seems to us not a valid ground for denying judgment for an accounting. The order should be reversed, with $20 costs and disbursements, and an interlocutory judgment of accounting on plaintiff's application granted.

Peck, P. J., Dore, Cohn, Breitel and Bergan, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, and defendants' motion for summary judgment, in all respects, denied, and plaintiff's cross motion granted and an interlocutory judgment of accounting is directed to be entered in favor of the plaintiff, with costs. Settle order on notice.