■ AL DAYON, Individually and on Behalf of MASTERCRAFT ELECTRONICS CORP. v. DOWNE COMMUNICATIONS, INC., et al.— Motion by defendants-respondents to dismiss appeal from order entered February 26, 1973, in Supreme Court, New York County, which dismissed complaint with leave to plaintiff to serve an amended complaint, is granted, and the appeal is dismissed, with $20 costs. Not only was the order appealed from superseded by the final judgment entered March 15, 1973, dismissing the complaint without leave to amend, but with the entry of a final judgment, an appeal from an intermediate order must fall, and the order can only be reviewed on an appeal from the final judgment if it affects the final judgment (CPLR 5501, subd. [a], par. 1; *Sawdon v. Sawdon*, 39 A D 2d 883; *Matter of Moore* v. *Burchell*, 14 A D 2d 572; 10 Carmody-Wait 2d, New York Practice, § 70.15, p. 286). Motion by defendants-respondents to dismiss the appeal by plaintiff from the judgment entered March 15, 1973, in Supreme Court, New York County, dismissing the complaint, is granted with $20 costs. Upon the entry of the judgment on March 15, 1973, plaintiff appealed directly to the Court of Appeals relying on CPLR 5601 (subd. [d]). That appeal was dismissed by the Court of Appeals (32 N Y 2d 937) on June 8, 1973. Thereafter, on July 20, 1973, plaintiff served a notice of appeal to this court from the judgment entered March 15, 1973. CPLR 5514 (subd. [a]) provides, in part, that if an appeal is taken and the appeal is dismissed, and except for the time limitations in CPLR 5513, some other method of taking an appeal is available, the time limited for such other method shall be computed from the dismissal of the appeal. Thus with the dismissal of the appeal to the Court of Appeals, plaintiff was afforded the alternate method of appeal provided for in CPLR 5514 (subd. [a]). But as the section reads, the date of the dismissal of the appeal becomes the point from which to compute the 30-day period provided for in CPLR 5513, within which to pursue the alternate method. (See 7 Weinstein-Korn-Miller, N. Y. Prac., par. 5514.01 p. 55–91.) The notice of appeal to this court was served on July 20, 1973, which was more than 30 days after the dismissal of the appeal by the Court of Appeals on June 8, 1973. Hence the appeal was not timely and must be dismissed. Concur — Stevens, P. J., Nunez, Lane, Steuer and Capozzoli, JJ.