■ MURRAY KEEN, Appellant, v HAZEL KEEN, Respondent.—In an action, *inter alia,* to impress a trust on property transferred to defendant in April, 1964 and for an accounting with regard to certain property transferred to her since that date, in which defendant has counterclaimed, *inter alia,* for an accounting, plaintiff appeals from an interlocutory judgment of the Supreme Court, Westchester County, dated September 16, 1974, which, after a nonjury trial, *inter alia,* adjudged that a certain deed dated April 16, 1964, a certain letter agreement dated April 6, 1965 and a certain agreement dated December 9, 1969 were valid and subsisting. Plaintiff also appeals from intermediate orders of the same court, dated March 6, 1973, July 20, 1973 and February 19, 1974. Interlocutory judgment affirmed, with costs. The appeals from the intermediate orders are dismissed, without costs. The intermediate orders are not appealable since, even if reversed, they would not remove the foundation of the interlocutory judgment or render that judgment invalid. Further, those orders were superseded by the interlocutory judgment (*Koziar v Koziar*, 281 App Div 771; *Peters v Berkeley*, 219 App Div 261, 265; *Dayon v Downe Communications*, 42 AD2d 889). We agree with Special Term that, both factually and as a matter of law, plaintiff has not established that the deed of April 16, 1964 or the affirmation of property transfers and stock ownership dated April 6, 1965 were obtained by fraud or duress. Defendant has not held title to the properties involved in those transfers as a constructive trustee for plaintiff. Under the

separation agreement of December 9, 1969 and in the light of the relationship of the parties, the accountings directed in the interlocutory judgment constitute further appropriate relief at this stage of the litigation (cf. *Jacobson v Feingold,* 281 App Div 854; *Weil v Atlantic Beach Holding Corp.,* 1 NY2d 20, 29; *Matter of Galewitz,* 3 AD2d 280, 285, affd 5 NY2d 721). Not only are the accountings warranted by the separation agreement *(Rubenstein v Small,* 273 App Div 102), but further, plaintiff, in his complaint, sought the accounting. That is an additional reason why his objection thereto is untenable (cf. *Cieri Constr. Co. v Gramercy Constr. Corp.,* 13 AD2d 901). We take judicial notice that, since the entry of the interlocutory judgment, plaintiff and defendant have both filed accountings pursuant thereto and that a trial of the issues raised on those accountings has taken place. The issues raised on that trial are discussed in Special Term's decision, which is dated March 19, 1975. We have not considered that decision in connection herewith. Hopkins, Acting P. J., Latham, Christ, Brennan and Shapiro, JJ., concur.