■ JOSEPH MCGILLICUDDY et al., Respondents, et al., Plaintiffs, v CITY OF NEW YORK, Defendant, and TOP QUALITY WOOD WORK CORP., Appellant.—Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered on or about April 11, 1989, which, *inter alia,* denied defendant Top Quality Wood Work Corp.'s motion for summary judgment, unanimously affirmed, without costs.

It is well settled that summary judgment is a drastic remedy available only when it is clear that, accepting the opponent's allegations as given for purposes of the motion, there are no issues of fact left to be resolved. *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395.) Issues of fact exist as to the nature of plaintiffs' respective employments, whether a subcontracting relationship was involved, whether either plaintiff was documented to be an employee of defendant-appellant, and whether their employment was such that they were covered by a workers' compensation policy. Concur—Kupferman, J. P., Ross, Milonas, Rosenberger and Ellerin, JJ.

■ DIETZ INTERNATIONAL PUBLIC ADJUSTERS, INC., Respondent, v FRANKART DISTRIBUTORS, INC., Appellant.—Appeal from order, Supreme Court, New York County (Edith Miller, J.), entered January 27, 1988, denying defendant's motion, pursuant to CPLR 4404 (a), to set aside the jury verdict on liability and damages, which permitted plaintiff to recover, in quantum meruit, the value of services rendered and punitive damages, or to direct judgment notwithstanding the verdict, unanimously dismissed as nonappealable.

"[W]ith the entry of a final judgment, an appeal from an intermediate order must fall, and the order can only be reviewed on an appeal from the final judgment if it affects the final judgment (CPLR 5501, subd. [a], par. 1 * * *)" *(Dayon v Downe Communications,* 42 AD2d 889; *Matter of Aho,* 39 NY2d 241, 248). Final judgment in this action was entered October 1, 1987, after the date of the order appealed from, January 21, 1987. Although the order appealed from was not entered until January 27, 1988, it was superseded by the final judgment and the right to directly appeal therefrom terminated. *(Matter of Aho, supra,* at 248.) Concur—Kupferman, J. P., Ross, Milonas, Rosenberger and Ellerin, JJ.