■ FONDA MANUFACTURING CORP., Appellant-Respondent, v LINCOLN LAMINATING CORP., Respondent-Appellant. PRINCETON KNITTING MILLS, INC., Appellant-Respondent, v LINCOLN PROCESSING CORP., Respondent-Appellant. —Separate judgments, entered in New York County on June 13, 1978, modified, on the law, to provide that interest on Action No. 1 shall be computed from April 23, 1975 and that interest on Action No. 2 shall be computed from September 14, 1974 and, except, as so modified, affirmed

without costs. Appeal from orders, entered November 22, 1977, denying joint trials of these two actions with two actions in the Civil Court, New York County, dismissed upon the ground that these orders did not necessarily affect the final judgment. Plaintiffs in these two actions are bound together by substantially the same ownership and by common business interests. Each is engaged in the manufacture of knitted fabrics. Defendants are, likewise, sister corporations which, prior to their liquidation, were engaged in the business of bonding and laminating fabrics for manufacturers. Beginning in 1971, defendants were utilized by plaintiffs to bond and laminate plaintiffs' knitted fabrics. Differences arose between the parties involving delays and errors in shipment. In November, 1974, after the business relations between them had cooled considerably, plaintiffs notified defendants that they would not make further payments to them unless and until these disputes were settled. Shortly prior thereto, defendants, which theretofore had warehoused plaintiffs' goods without cost pending shipment, notified plaintiffs that commencing November 1, 1974 they would impose a charge for such storage. In October, 1975, defendants notified plaintiffs that, pursuant to the provisions of the Lien Law, they claimed a lien upon plaintiffs' merchandise in their warehouse and that such merchandise would be sold at public auction on November 17, 1975 to satisfy the lien. Thereupon, plaintiffs brought these actions for injunctions. Their separate motions for temporary injunctions were granted upon condition that security in the aggregate amount of $40,000 was posted. The condition was complied with and thereafter plaintiffs removed their property from defendants' warehouse. Defendants interposed their separate answers each of which contained two counterclaims; one for work, labor and services and the other for storage charges. At or about the same time, defendants brought actions against plaintiffs in the Civil Court for other services alleged to have been performed by them for plaintiffs. However, in those actions, the parties were somewhat different. There, Lincoln Laminating made claim against Princeton while the claim of Lincoln Processing was asserted against Fonda. Issue was joined in May, 1976. Almost two years later, defendants in the Civil Court actions (the plaintiffs here) amended their answers to assert counterclaims based on the contention that the work performed by plaintiffs (the defendants here) had been defective. In the interim, the Supreme Court actions were pursued vigorously while little or nothing was done to move the Civil Court suits to trial. Thereafter, plaintiffs moved for a joint trial of the Civil Court actions with the Supreme Court actions. That motion was heard by the Trial Judge and was denied without opinion. Some three or four months later, the Supreme Court actions went to trial. Inasmuch as the plaintiffs had already reclaimed their merchandise, all that was tried were the counterclaims interposed by defendants. The trial resulted in a judgment for each of the defendants on the claim for work, labor and services and a dismissal of the claim for storage charges. We treat first with so much of plaintiffs' appeals as seeks to review the orders denying the motions for a joint trial of the Supreme Court and Civil Court actions. Once "final judgment is entered, an appeal from the final judgment is the only method for reviewing an intermediate order. The right to a separate appeal from the intermediate order does not survive the entry of the final judgment" (*Jema Props. v McLeod,* 51 AD2d 702). Inasmuch as the orders denying a joint trial do not necessarily affect the final judgment, they may not be reviewed upon appeal from the final judgment (CPLR 5501, subd [a], par 1; *Dayon v Downe Communications,* 42 AD2d 889). Accordingly, the appeals from those orders must be dismissed. Insofar as concerns the appeals and

cross appeals from the judgments, we hold that the conclusion of Trial Term that defendants were entitled to recover for work, labor and services, but not entitled to recover on the claim for storage charges, is amply supported by the proof. However, we are constrained to modify the judgments in one respect. CPLR 5001 (subd [b]) provides for interest "from the earliest ascertainable date the cause of action existed". The last invoice issued to Fonda is for services rendered between May 7, 1974 and March 24, 1975. The last invoice issued to Princeton is dated August 15, 1974. The form invoice indicates that the terms of payment are "NET 30 days". Accordingly, the defendants are entitled to interest on the Fonda judgment from April 23, 1975 and on the Princeton judgment from September 14, 1974. One further matter remains for disposition. Plaintiffs have requested that, inasmuch as defendants have been liquidated, we stay enforcement of the judgments pending disposition of their counterclaims in the Civil Court actions. The Civil Court actions were commenced in 1976. More than three years have elapsed since the joinder of issue. Had these claims been pursued diligently, they would have been disposed of long ago. However, substantially nothing has been done to move them to disposition, although we are told that they remain viable. In the circumstances, the plea that this court invoke its equity power to give aid to the dilatory merits little consideration. The requested relief is denied. Concur—Fein, J. P., Bloom, Silverman and Ross, JJ.

Markewich, J., dissents in part in a memorandum as follows: I concur in the main with the position taken by the majority. However, I do not believe that justice is served by outright denial, as stated in the last paragraph of the prevailing memorandum, of Fonda-Princeton's application for stay of enforcement of the judgments pending disposition of their counterclaims interposed in the Civil Court action commenced in 1975. The delay in prosecuting those counterclaims has a rational basis and should not be used as a reason for putting the Fonda parties completely out of court. Their counterclaims have not been shown to be other than meritorious. The Supreme Court action here reviewed was commenced by plaintiffs Fonda and Princeton in November, 1975. About seven weeks later, simultaneously with service of their answers, the Lincoln defendants commenced actions, based on the same relationships reflected in the other case, in Civil Court; the Fonda parties interposed counterclaims. The Lincoln parties did nothing about the actions they had commenced, but the Fonda parties moved forthwith for consolidation. That motion was denied and the appeal therefrom dismissed on this appeal. Neither party did anything then to advance the Civil Court case, but concentrated on the more important action in Supreme Court. It was not possible at that time for Fonda-Princeton to proceed independently on their counterclaims because requisite information was apparently not available then. The Supreme Court actions terminated by judgments in June, 1978, and, logically enough (it is noted that both judgments have here been modified), nothing was done about the Civil Court actions while this appeal awaited decision. Meanwhile, the Civil Court actions continue to be alive, and the Fonda parties desire to prosecute their counterclaims which, if successful, would at least permit offset to the judgments. The practical factor which dictates that discretion be exercised to permit this is that the Lincoln parties are now out of business, have been liquidated, and are beyond successful levy. While this court is without jurisdiction to dismiss the counterclaims in the Civil Court actions, it will, in terms of ultimate relief be doing so by the majority's ruling made on the sole basis that the Fonda parties have been dilatory. They have not. In my

view, we should grant the application for a stay for the limited period of six months to permit completion of the matters pending in Civil Court. Settle order.