■ City University of New York, Appellant, v Finalco, Inc., et al., Respondents. — Order, Supreme Court, New York County (R. White, J.), entered March 9, 1982, granting defendants' motions for summary judgment dismissing the complaint and denying plaintiff's cross motion for summary judgment and the judgment (same court), entered thereon on March 31, 1982, modified, on the law, only to the extent of denying defendant Finalco's motion for summary judgment, vacating so much of the judgment in favor of Finalco dismissing the complaint and reinstating the complaint against that defendant, and otherwise affirmed, without costs or disbursements. The relevant facts are set forth in correspondence and conversations, between Marie Drobin, director for administrative services of City University of New York (CUNY) and Robert Applegate, Finalco's director of remarketing. At issue is whether there was a meeting of the minds so as to create a binding contract for the sale to the corporate defendant of an IBM computer. Finalco, a Virginia-based corporation, had submitted a bid in the sum of $1,561,570, subject to (1) the computer equipment being dismantled, packed and ready for shipment; (2) the computer being released by February 12, 1979; and (3) the offer being accepted by the close of business on December 18, 1978. Subsequently, the offer was extended by both parties to January 16, 1979, while Finalco's proposed agreement was reviewed by plaintiff's counsel. On January 9, 1979, Finalco withdrew its offer since its customer, to whom Finalco had intended to lease the computer, withdrew its offer. It is alleged that, by reason of Finalco's status as a merchant, its offer was irrevocable within the time stated and its withdrawal prior to January 16 was improper (Uniform Commercial Code, § 2-205). At the time plaintiff solicited bids from prospective buyers, including Finalco, the invitation advised that "[o]nce the quotations have been reviewed and the best offer has been determined, the University Computer Center will negotiate with the bidder a sales contract." Finalco was notified that its bid was the highest, whereupon Applegate acknowledged such notice and advised that Finalco was "prepared to meet with you at your earliest convenience to

negotiate a sales contract satisfactory to CUNY." Thereafter, Finalco submitted a proposed contract together with a covering letter offering to meet with Drobin "to negotiate a mutually acceptable agreement." The contract form provided that it had been entered into in Virginia, where Finalco was located and would not take effect unless signed by the seller and returned to the buyer. These provisions generated some disagreement since (1) plaintiff considered the transaction to be governed by New York law as the place of formation, and (2) there was an ongoing dispute over the insistence by each party that the other execute the agreement first. Thereafter, Applegate sent Drobin another contract with certain blanks completed but which still contained clauses previously objected to. On January 9, 1979, when Finalco sought to withdraw its offer, the agreement had not been executed. However, on January 11, at a time when Drobin was unaware of the withdrawal, she telephoned Applegate and was informed that Finalco had withdrawn from the deal. On January 16, notwithstanding, Drobin notified Finalco that CUNY was prepared to sign the agreement in the form which Finalco had submitted to it. Subsequent to the aborted transaction, plaintiff completed a sale of the computer in the sum of $1,267,000 and, thereafter, brought this action to recover the difference between that price and Finalco's bid. Special Term, in granting summary judgment dismissing the complaint, held the documentary evidence and the conduct of the parties were sufficient to demonstrate an intention not to be bound until an agreement had been executed and, accordingly, found no binding contract had been entered into. We disagree. On this record, we find the critical issue concerning the intention of the parties poses factual questions inappropriate for summary resolution upon the conflicting affidavits adduced. Under the Uniform Commercial Code, where the parties intend to enter into a binding commitment, a contract of sale will not fail for indefiniteness, albeit there may exist a dispute as to material terms (Uniform Commercial Code, § 2-204; *Kleinschmidt Div. of SCM Corp. v Futuronics Corp.*, 41 NY2d 972). The critical determination to be made is whether, on the one hand, the parties intended to be bound without the necessity of executing a formal written agreement or, on the other, they contemplated that such an agreement would be signed before they would be so obligated. The negotiations and discussions, particularly those dealing with which party was to execute the agreement first and whether the contract was governed by New York or Virginia law, led to questions as to whether the parties intended to be bound only when a formal agreement had been executed. However, this factual determination may not be made on motion for summary judgment, where the function of the court is limited to issue finding, not issue determination (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404; *Esteve v Abad*, 271 App Div 725, 727). Summary judgment is a drastic remedy and should not be invoked where there is any doubt as to the existence of a triable issue (*Moskowitz v Garlock*, 23 AD2d 943, 944), or where the issue is even arguable (*Barrett v Jacobs*, 255 NY 520, 522). As a result of the extensive negotiations and discussions which took place after submission of Finalco's bid, we cannot hold on this record that the bid was an irrevocable offer for a term certain. Neither may we determine, as a matter of law, that Finalco withdrew from the transaction in advance of any acceptance since, as a merchant, it could not withdraw its offer during the period of time it was to be held open (Uniform Commercial Code, § 2-205). The factual issues relating to the intention of the parties and whether a binding agreement had been entered into should more appropriately await the trier of the facts. However, we are in agreement that there is no basis for imposing liability upon defendant Applegate. The record reflects that Applegate was an employee of International Computer Exchange, Ltd., and that Finalco had

contracted to retain his services. The record is clear that, in dealing with plaintiff, Applegate appeared and acted as an employee of Finalco, and as an agent for a disclosed principal, personal liability may not be imposed upon him (*Keskal v Modrakowski,* 249 NY 406; *Clarkson v Krieger,* 254 NY 114; *Hall v Lauderdale,* 46 NY 70; 3 NY Jur 2d Agency and Independent Contractors, § 284). Concur — Carro, Fein and Kassal, JJ.

Sandler, J. P., and Alexander, J., dissent in a memorandum by Alexander, J., as follows: For the reasons stated at Special Term, I would affirm the award of summary judgment in favor of Finalco. The conduct of the parties indicates an intent not to be bound until the execution of a signed agreement. City University of New York agreed to sign the agreement and conceded to the terms proffered by Finalco, only after it learned that Finalco had withdrawn its offer. The record clearly demonstrates that there was no meeting of the minds and the application of section 2-205 of the Uniform Commercial Code does not require a different result.