(April 16, 1987)

■ CITY UNIVERSITY OF NEW YORK, Respondent-Appellant, v FINALCO, INC., Appellant-Respondent.—Order of the Supreme Court, New York County (Irving Kirschenbaum, J.), entered March 3, 1986 and judgment entered thereon April 1, 1986, following a nonjury trial, awarding plaintiff City University of New York $303,374, plus postjudgment interest for defendant Finalco's breach of an agreement to purchase a computer, unanimously modified, on the law, to award plaintiff prejudgment interest from January 9, 1979, and except as modified, affirmed, without costs.

The facts of this case are set out in detail in *City Univ. v Finalco, Inc.* (93 AD2d 792 [1983]) and need be only briefly set forth here. Plaintiff, City University of New York (CUNY) solicited "firm" bids for the sale of a used IBM computer system. The highest bid was submitted by defendant, Finalco, resulting in CUNY officially awarding Finalco the sale of the computer. During this bid process, the parties also discussed the signing of a formal written document. However, no formal writing was executed since Finalco withdrew its offer to purchase the computer, stating that its prospective lessee for the system decided not to proceed with the lease. CUNY's repeated demands for performance by Finalco were refused, and, subsequently, CUNY sold the computer to a substitute buyer.

CUNY brought this action to recover the difference between the price paid by the substitute buyer and Finalco's bid. Finalco, claiming no binding contract existed, moved for summary judgment which Special Term granted. On appeal, however, this court reversed on the ground that a trial was necessary to resolve the critical issue of whether the parties intended to require a signed written agreement before being contractually bound. *(City Univ. v Finalco, Inc.,* 93 AD2d 792, 793, *supra.)* After a three-day, nonjury trial, the Trial Judge entered judgment for CUNY based on his finding that the execution of a written contract was a formality, not a condition precedent to contractual obligation.

Defendant appeals from the judgment seeking a new trial and plaintiff cross-appeals, but only with respect to the court's

failure to award prejudgment interest. We modify to the extent of awarding plaintiff prejudgment interest and affirm in all other respects.

The court, upon consideration of all the testimony and exhibits produced before it at trial, found that Finalco became bound to purchase the computer system when CUNY accepted Finalco's bid. The fact that the parties manifested an intention to adopt a formal written agreement does not mean that there was not a binding contract prior to the execution of the writing. *(See,* Restatement [Second] of Contracts § 27; *City Univ. v Finalco, Inc.,* 93 AD2d 792, *supra.)* The evidence of mutual assent present here is sufficient to bind the parties. The trial court noted that both Finalco and CUNY consistently regarded the bid as an offer. In fact, Finalco repeatedly used the word "offer" in referring to the bid, stating at one point in the bid "this offer is valid through the close of business, December 18, 1978." Under the UCC, a written offer by a merchant to buy or sell goods which gives assurance that it is open for a specified period is not revocable during the time stated. (UCC 2-205.) Thus, CUNY's letter of December 18, 1978, awarding Finalco the sale of the computer pursuant to the terms of the outstanding bid offer, was properly found by the trial court to be a valid acceptance establishing Finalco's obligation to buy, and CUNY's obligation to sell, the computer.

The fact that some terms were still in dispute does not contradict this conclusion. A contract of sale will not fail for indefiniteness if the parties have intended to make a contract and there is a reasonably certain basis for giving an appropriate remedy. (UCC 2-204; *Kleinschmidt Div. v Futu*ronics Corp., 41 NY2d 972, 973 [1977].) Moreover, Finalco's bid offer included the material terms of price, packaging and delivery date, all of which were accepted by CUNY. Under the circumstances, the trial court's determination that the proposed writing establishing certain details was a mere formality, and not a condition precedent to contractual obligation, should be upheld. Findings of fact should not be disturbed unless such findings could not have been reached under any fair interpretation of the evidence. *(Parone v Rivers,* 84 AD2d 686 [1981].)

Lastly, we reject Finalco's contention that plaintiff CUNY's resale was not commercially reasonable under UCC 2-706. A review of the record reveals that, despite its breach, Finalco was given additional opportunity to purchase the computer, as well as reasonable notice of CUNY's intention to resell. Having established the declining market value of the computer,

CUNY is rightfully entitled to $303,374; the difference between Finalco's offer and the substitute price.

Since plaintiff has prevailed in this contract action, it is also entitled to recover prejudgment interest (CPLR 5001 [a]) from January 9, 1979, the date on which defendant, by written communication, notified plaintiff that it would withdraw from the agreement, and plaintiff's cause accrued. (CPLR 5001 [b]); see, *Fonda Mfg. Corp. v Lincoln Laminating Corp.*, 72 AD2d 522, 524 [1st Dept 1979].) Concur—Murphy, P. J., Sandler, Carro, Milonas and Wallach, JJ.