■ CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent, v GENERAL ELECTRIC COMPANY, Appellant.—Order of the Supreme Court, New York County (Beatrice Shainswit, J.), entered on November 24, 1989, which granted plaintiff's motion for summary judgment against defendant on the issue of liability, is unanimously affirmed, with costs and disbursements.

In 1986, Con Edison sought bids from General Electric (G.E.) and others to supply it with two large transformers. The bids were supposed to be irrevocable for 90 days. G.E., along with others, submitted bids. Pursuant to G.E.'s proposal, its bid would "remain valid for 90 days." Upon the expiration of the 90 days, Con Edison requested that the bidders extend the irrevocability of the bids until December 31, 1986. By letter dated September 22, 1986, G.E. extended the validity of its own proposal until November 3, 1986. On September 25, 1986, G.E. extended the validity of the offer to December 31, 1986 with an increased price. On October 29, 1986, Con Edison sent a written notice of award to G.E. which contained several new terms not included in G.E.'s original proposal, but G.E. rejected the award. Con Edison then elected to accept G.E.'s offer on the latter's original terms. However, G.E. notified Con Edison that it was unable to fulfill the order. Con Edison thereafter awarded the contract to the next lowest bidder and sued G.E. to recover the difference between G.E.'s proposal and that of the next lowest bidder. Con Edison subsequently moved for summary judgment, and the IAS court granted its motion on the issue of liability.

It is G.E.'s contention that the May 29th proposal in conjunction with the later writings raise factual questions as to its intent in extending the May 29th proposal, and thus, summary judgment was inappropriate. However, the meaning of the writings is plain, and they are binding upon the parties. Con Edison accepted G.E.'s bid before the period of irrevocability expired, and G.E. was properly held liable to Con Edison. In that regard, G.E.'s initial offer unambiguously stated that the bid would remain valid for 90 days (see, City Univ. v Finalco, Inc., 129 AD2d 494, 495). While the preprinted language on the May 29th proposal notes that the offer expires in 15 days and may be modified or withdrawn prior to acceptance, the language is conditioned upon the phrase "unless otherwise stated." Hence, the preprinted language is superseded by the express provision making the bid valid for 90 days. Moreover, on September 22nd, G.E. validly extended its offer until November 3, 1986 (see, UCC 2-205, Comment 3). On September 25th, G.E. again extended the duration of its offer until December 31, 1986. Since a promise made for a period longer than three months will only operate under the UCC to bind the offeror for the first three months of the period, G.E.'s bid was effectively irrevocable until December 24, 1986. Accordingly, Con Edison accepted G.E.'s bid before the period of irrevocability expired. Because the question of the parties' intentions derives from the language of the written instru-

ments, the issue is one of law and was appropriately determined on the motion for summary judgment *(see, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 291). We have considered G.E.'s other arguments and find them to be without merit. Concur—Murphy, P. J., Sullivan, Carro, Milonas and Rubin, JJ.