■ CENTRAL FEDERAL SAVINGS, F.S.B., Appellant, v NATIONAL WESTMINSTER BANK, U.S.A., Respondent.—Order, Supreme Court, New York County (Herman Cahn, J.), entered June 27, 1990, which granted the motion by defendant National Westminster Bank, U.S.A. (hereinafter "NatWest") for reargument and renewal of its prior motion for summary judgment pursuant to CPLR 3212, and recalled its prior order dated September 15, 1989, and granted defendant's motion for summary judgment dismissing the plaintiff's complaint in its entirety, unanimously affirmed, with costs.

Plaintiff commenced this action to recover $35,000,000 in

damages based on defendant NatWest's breach of an alleged contract to purchase one of the plaintiff's branch offices located at 1388 Third Avenue in Manhattan. The contract allegedly arose out of an exchange of letters between the parties, wherein defendant offered to purchase the subject branch office for $950,000, subject to "agreement on all terms and conditions relating to the proposed acquisition, to our satisfaction with all legal matters, and to the approval of our Board of Directors."

Defendant moved for summary judgment, which was denied upon the court's conclusion that there was an issue of fact with respect to whether the letters exchanged by the parties regarding the proposed sale constituted a completed contract. On its motion for reargument and renewal, NatWest stated that in preparation for discovery it discovered an internal document entitled "The Recommendation to the Board of Directors to Purchase the Branch of Central Federal F.S.B.", which allegedly evinced that no agreement on an essential term had ever been reached.

Initially, we find that the IAS court did not abuse its discretion in granting reargument and renewal. We note that insofar as the court granted renewal, the internal document recently "discovered" by NatWest was properly considered.

In determining whether a contract exists, the inquiry centers upon the parties' intent to be bound, i.e., whether there was a "meeting of the minds" regarding the material terms of the transaction. (*Martin Delicatessen v Schumacher*, 52 NY2d 105.) The issue is generally one of law, properly determined on a motion for summary judgment (*Consolidated Edison Co. v General Elec. Co.*, 161 AD2d 428, 429-430).

The letters upon which plaintiff claims that a contract exists do not evidence the required meeting of the minds on all material terms. NatWest's offer was contingent upon agreement as to certain material terms, as well as approval by its Board of Directors. The various affidavits submitted by the parties show that there was no agreement on the essential term concerning payment for the assumption by the purchasing bank of Central Federal's deposit liabilities, which directly bore on the price paid for the branch. In addition to this crucial term, it is clear that there were numerous other details to be worked out which involve regulatory approval. All of this is borne out by the fact that the draft agreement sent to NatWest by Central Federal was over 30 pages long.

Thus, this situation cannot be viewed as one in which the

parties had only to formalize an agreement already reached *(see, Matter of Municipal Consultants & Publishers v Town of Ramapo,* 47 NY2d 144). The letters which were exchanged did not indicate a present intent to be bound, but rather an intent to negotiate the essential terms of the binding agreement *(Aces Mechanical Corp. v Cohen Bros. Realty & Constr. Corp.,* 136 AD2d 503). Essential terms such as ultimate price were left open. Clearly, there was no "meeting of the minds" to support the existence of an enforceable contract. Concur— Carro, J. P., Wallach, Kupferman and Smith, JJ.