■ L.K. COMSTOCK & CO., INC., Respondent, v SZS 33 Associates, L.P., Appellant.—Judgment, Supreme Court, New York County (Edward J. Greenfield, J.), entered September 10, 1991, which, pursuant to an order denying defendant's motion to stay the action and compel arbitration and granting plaintiff's cross motion for summary judgment, awarded $6,107,112.58 in favor of plaintiff and against defendant, with interest from September 17, 1990, unanimously modified, on the law and the facts, to award interest from November 15, 1990, and otherwise affirmed, without costs.

We affirm for the reasons stated by the IAS court in its

decision and order dated September 4, 1991, and would add only that the outcome would be the same even if the liberal policy of Federal Arbitration Act § 2 (9 USC § 2) were to be applied, since the initial inquiry under that statute, as it is under State law, is whether a particular dispute falls within the scope of a limited arbitration clause of the type presented here *(McDonnell Douglas Fin. Corp. v Pennsylvania Power & Light Co.,* 858 F2d 825, 830-831; *PAS-EBS v Group Health,* 442 F Supp 937). However, we modify to the extent indicated since CPLR 5001 (b) provides for prejudgment interest "from the earliest ascertainable date the cause of action existed".

Paragraph 35 (b) of the parties' Agreement provides a written statement demanding the amount must be filed by plaintiff by the 26th day of the month. Since defendant did not make its final payment requisition until October 22, 1990, plaintiff's cause of action did not accrue until November 15, 1990 *(Fonda Mfg. Corp. v Lincoln Laminating Corp.,* 72 AD2d 522, 524, *lv dismissed* 51 NY2d 727). Concur—Sullivan, J. P., Milonas, Kupferman, Asch and Smith, JJ.