■ CAROLINA CASUALTY INSURANCE Co., Respondent, v ADC CONTRACTING & CONSTRUCTION, INC., et al., Appellants. [754 NYS2d 235] —Judgment, Supreme Court, New York County (Herman Cahn, J.), entered May 21, 2002, awarding plaintiff, in this breach of contract action, $150,000, plus interest, costs and disbursements, and bringing up for review an order, same court and Justice, entered September 26, 2000, which granted plaintiff's motion for partial summary judgment on the issue of liability and referred the issue of damages to a Special Referee, and an order, same court and Justice, entered December 31, 2001, which granted plaintiff's motion to confirm the findings of the Special Referee, unanimously affirmed, without costs. Appeal from the order entered December 31, 2001, unanimously

dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

Plaintiff Carolina was the performance bond surety for Roman Roads Construction Corporation (Roman Roads) in its contract with the City of New York for the replacement and repair of sidewalks in Manhattan. A dispute arose and the City ultimately declared Roman Roads to be in default. As the performance bond surety, plaintiff was required to assure that the contract with the City was performed and it solicited bids for the completion of the work and instructed potential bidders that the bids remained valid for a period of 120 days.

On June 18, 1998, defendant ADC Contracting & Construction, Inc. (ADC) submitted its bid and on June 24, 1998, defendant Insurance Company of the State of Pennsylvania (ICSP) issued a bid bond guaranteeing that ADC would sign a contract for completion of the work and provide performance and payment bonds. On June 29, 1998, plaintiff, subject to the City's approval, accepted ADC's bid, which was the lowest by a significant amount, and directed ADC to execute a completion contract and provide performance and payment bonds. In early September 1998, well after it had been notified that the City had approved it as the replacement contractor, ADC sought to withdraw its bid. Plaintiff did not permit ADC to withdraw its bid and ADC did not commence work under the contract.

Rather than attempt to seek another replacement contractor, plaintiff settled with the City for $150,000 and its obligations under the performance bond issued for the Roman Roads contract were discharged. Plaintiff then commenced the instant action against ADC and ICSP, asserting a breach of contract cause of action and seeking as damages the $150,000 settlement amount it had paid to the City.

The IAS court properly granted plaintiff partial summary judgment on the issue of liability and referred the issue of damages to a Special Referee, who correctly concluded that plaintiff was entitled to damages in an amount of $150,000. There was a valid and binding contract between ADC and the plaintiff, since the bid submitted by ADC was irrevocable and was timely accepted by plaintiff (*see Consolidated Edison Co. v General Elec. Co.*, 161 AD2d 428). Contrary to ADC and ICSP's contentions, any negotiations that followed after plaintiff's acceptance of the bid would not warrant a finding that there was no binding contract at the time ADC sought to withdraw its bid (*see Silverstein v United Cerebral Palsy Assn. of Westchester County*, 17 AD2d 160, 163). In addition, plaintiff's action against Roman Roads and other indemnitors for damages aris-

ing from the performance bond it previously issued did not constitute an election of remedies since that action and the instant action involved separate and distinct claims.

We have considered ADC's and ICSP's remaining contentions and find them unavailing. Concur—Saxe, J.P., Sullivan, Ellerin, Lerner and Gonzalez, JJ.