Michael A. Budson, Plaintiff-Appellant, 
against
Aaron Chin, Defendant-Respondent.




Plaintiff appeals from a judgment of the Commercial Claims Part of the Civil Court of the City of New York, New York County (Sabrina B. Kraus, J.), entered on or about May 23, 2019, after trial, in favor of defendant dismissing the action.




Per Curiam.
Judgment (Sabrina B. Kraus, J.), entered on or about May 23, 2019, affirmed, without costs. 
Applying the narrow standard of review governing appeals in commercial claims actions (see CCA 1807-A(a); Williams v Roper, 269 AD2d 125 [2000], lv dismissed 95 NY2d 898 [2000]), and giving due deference to the detailed factual findings set forth in the trial court's written decision, we sustain the dismissal after trial of plaintiff's action. A fair interpretation of the evidence supports the determination that there was no enforceable agreement between the parties for plaintiff to be an artist in residency at the subject gallery (see generally Central Federal Sav. v National Westminster Bank, U.S.A., 176 AD2d 131, 132 [1991]. The text message communications between the parties reveals that there was no meeting of the minds regarding the essential terms of the agreement, and shows that the parties ultimately intended to execute a written agreement. Moreover, the record supports the court's determination that plaintiff's claims of damages were speculative and incapable of being proven. 
Nor was plaintiff entitled to damages on the theory of promissory estoppel. The text messages demonstrate that, while the parties were engaged in ongoing discussions, there was no clear and unambiguous promise by defendant that the contemplated transaction would be consummated (see Delmaestro v Marlin, 168 AD3d 813, 816 [2019]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 23, 2020